## No. 10,185.

### LAYBOURN v. WRAPE, ET AL.

Decided December 4, 1922.

Action to annul corporate contract.    Decree for plaintiffs.

## *Affirmed.*

1.  CORPORATIONS—*Contract.*  A director who is a party to a contract with a corporation, cannot be counted as part of a quorum of the directors to authorize it.

2.  *By-Laws—Contract.*  Where the by-laws of a corporation provide that neither the stockholders nor the board of directors shall dispose of any rights of the company without the consent of a meeting of the stockholders, a contract transferring definite interests of the corporation is invalid without the authorization of such a meeting.

3.  *By-Laws—Repeal.*  A corporation may not repeal one of its by-laws so as to impair an existing contract among its stockholders.

4.  *Contract—Ratification.*  A corporate contract may only be ratified by the power which could make it.

5.  *Contract with Director—Burden of showing Fairness.*  Where a contract between a corporation and one of its directors, is challenged, the contracting director has the burden of defending it, and showing its fairness affirmatively.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. ROBINSON & ROBINSON, Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. WILBUR F. DENIOUS, Mr. CHARLES F. MORRIS, Mr. JOHN W. SLEEPER, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

WRAPE, et al., stockholders of the company, brought suit to annul a contract between The Danckwardt Process Company, party of the first part, Laybourn, plaintiff in error, party of the second part, and Danckwardt, party of the third part, and had a decree to that effect, which we are asked to reverse.

Among the grounds on which the plaintiffs claimed the contract should be annulled were: 1. That it was authorized, if at all, at a meeting of the directors of the Process Company which all the directors, four in number, attended, of whom Laybourn and Danckwardt were two; that though Laybourn did not vote, yet Danckwardt voted for the contract, and that it is therefore voidable at the option of the company. 2. That the by-laws of the corporation contained a provision "that neither the stockholders nor the board of directors shall sell, mortgage, pledge, transfer or otherwise dispose of  *  *  *  any process, patent, or patent rights  *  *  *  owned  *  *  *  by said company," or "to make or issue any license  *  *  *  to operate under any such patents, processes or patent rights without first calling a meeting of the stockholders and obtaining the consent at such meeting of stockholders representing or owning not less than 75 per cent of all outstanding stock. The provisions of this section shall be held and shall constitute a binding agreement between the stockholders of this company enforceable in any court and all stockholders upon subscribing for or accepting stock in this company shall be held to have entered into such contract to and with and for the benefit of all other stockholders." The contract in question among other things contained the following: It is further agreed that the said first party does hereby grant to the said party of the second part the exclusive agency for promoting, leasing and testing said processes  *  *  *  it being expressly agreed that the said second party shall have all right, title and interest in and to the same in excess of one-fifth of one per cent per gallon royalty  *  *  *." No such meeting was ever held. Laybourn assigned his rights in this con-

tract to certain persons who conducted experiments the result of which is not disclosed in the record. 3. Said contract was made subject to the condition "that all common stockholders give their written consent to the terms of this contract." No such consent was ever procured.

As to the first ground, a party to a contract with a corporation cannot be counted as part of a quorum of the directors to authorize it. *Paxton v. Heron,* 41 Colo. 147, 151, 92 Pac. 15, 124 Am. St. Rep. 123; 14A C. J., p. 92.

The question then is, Was Danckwardt disqualified by interest in the contract? It seems clear that he was. He is expressly a party to the contract and by it he agrees to assist Laybourn, who is made the agent of the company to secure capital and to demonstrate the commercial value of certain processes for refining petroleum, therefore he is really a party; and also he is to receive a salary of not less than $300 per month the first year; therefore he has a pecuniary interest in the contract. It follows that there was no lawful quorum present when the directors voted on the contract and it was not lawfully authorized.

It is claimed that Danckwardt had no interest in the contract adverse to the company because the company did not agree to pay the salary. We cannot agree with such a construction of the contract. It reads, "It is agreed *by and between the parties hereto* that Paul Danckwardt * * * undertakes to do and perform any and all things * * * that may be required of him * * * in demonstrating and testing the various methods and processes, etc. * * * and shall receive a salary of not less than $300 for the first year." Three parties agree that one of them shall work for the benefit of, and as required by the other two, and shall receive a salary therefor. Unless the source of payment otherwise appears they have both, of course, agreed to pay him.

As to the second point, we think the court was right in holding that the contract was in violation of the by-law. It is definitely within its terms because it transfers a definite interest in the process, coupled with authority to act.

This is not a mere agency but an irrevocable power if valid. To be valid, therefore, the contract required a meeting of the stockholders and is invalid without it.

It is claimed, however, that the stockholders waived this by-law in that at a meeting of the stockholders in August, 1918, the directors executed and delivered a power of attorney to Danckwardt without complying with the said section 4, and that Danckwardt acted upon that power whereby he agreed to convey the rights to the Sinclair company but never did so. That power of attorney, however, was not used in the making of the contract in question and we cannot see that it has any relation to the case in hand. In *Grand Valley Irr. Co. v. Fruita Imp. Co.*, 37 Colo. 483, 86 Pac. 324, it was said that a by-law for the protection of stockholders is repealed by their acquiescence in the uniform practice to disregard it; but once to disregard does not suggest a uniform practice.

It is claimed that the company waived or repealed this by-law, but it could not do that, because by its own terms, it is a contract among the stockholders and may not be repealed. 14 C. J. 366; *Pittinger v. Pittinger*, 28 Colo. 308, 64 Pac. 195, 89 Am. St. Rep. 193.

It is claimed that the company ratified the contract. That is impossible unless by the power which could make it, and no such ratification is shown.

It is claimed that the stockholders by their acquiescence have waived or ratified this contract. This could not be done but in the manner provided in the by-law except as to any individual stockholder who acquiesced with full knowledge. There is no such showing nor anything approaching it as to a majority of the plaintiffs below.

As to the third ground, that the contract itself requires the written consent of all the stockholders, practically the same objections are made as to the second ground above, and they may be answered in the same way.

With reference to all these objections it is urged that Laybourn has actually procured men with capital to undertake experimentation and that the company has accepted

these benefits, and Laybourn in the court below offered in evidence a contract by which it was agreed between the company and Laybourn's assignees, that the said assignees, in case Laybourn's contract should be annulled by the court should have as favorable a contract from the company as they had from Laybourn, and it is claimed that this is a scheme to take from Laybourn the advantage of his contract and give it to others. This may be true, nevertheless, it is not sufficient to legalize the contract given to Laybourn. His only argument of force would be that their purpose was inequitable and therefore a court of equity ought not to annul the contract even though it was illegal, but should leave the parties to their legal rights. We think, however, that Laybourn is not in a position to make that claim because his contract is extravagantly favorable to him and was made while he was a director in the company, in a fiduciary relation thereto which required of him absolute and perfect good faith, forbade him to make a contract unless clearly fair to the company and puts the burden of showing these things upon him. 14A C. J. 112 § 1880, and cases cited. The court below thought the present contract was unconscionable. We cannot say that it is not and must hold that it was properly set aside. It is not inequitable to take it from him if it was in the least unfair.

As to whether Laybourn has any rights against the company for the value of services performed the benefit of which has been accepted by the company we express no opinion.

Judgment affirmed.