No. 10,816.

O'LEARY, ET AL. v. SEEMANN, ET AL.

Decided January 5, 1925.

Action for accounting.   Judgment for defendants.

*Reversed.*

1. PLEADING—*Accounting.* An officer of a corporation may be held
   to an accounting for commissions on sale of stock under an
   allegation of money had and received.

2. CORPORATIONS—*Officers—Compensation.* An officer of a corpora-
   tion cannot receive compensation from the company unless duly
   authorized by the board of directors, except quantum meruit
   under certain circumstances.

3. *Stock Sales—Commission.* Resolution of a board of directors
   of a corporation authorizing the president to raise money for
   the company, held not sufficient authority to him to take a com-
   mission for the sale of its stock.

4. ACCOUNTING—*Corporations—Officers.* A fiduciary corporate officer
   receiving money for the company, must account for it, and
   establish any right he claims to retain any portion of it.

5. CORPORATIONS—*Officers—Compensation.* A corporate officer has a
   right of action for quantum meruit for services rendered the
   company on request.

*Error to the District Court of Clear Creek County, Hon.
S. W. Johnson, Judge.*

Messrs. SABIN & MCGLASHAN, for plaintiffs in error.

Messrs. MORRISON & DESOTO, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFFS in error were plaintiffs below and brought
suit against the defendants to compel an accounting. The
complaint charged that defendant Seemann had sold stock
and not accounted for the proceeds, and with money

($500,000) had and received to the use of the company named below. They were defeated and ask us to reverse the judgment. The claims against the other defendants are waived here.

Plaintiffs are stockholders in the Continental Mines Power and Reduction Company. The defendant Seemann was paid commissions for the sale of the treasury stock of that company. The plaintiffs claim that he had no right to these commissions and that he should account for the money so received. They may do this on the allegation of money had and received.

We think the law is that an officer of a corporation cannot receive compensation from the company either for the performance of the regular duties of his office or for any other services unless duly authorized by the board of directors. *Laybourn v. Wrape,* 72 Colo. 339, 211 Pac. 367. True, he may have a quantum meruit under certain circumstances as explained below.

The defendant Seemann was president and general manager of the company. No action of the board of directors is shown except June 8, 1914, the following resolution was proposed: "Upon request Mr. Warriner then took the chair, and the following motion was made by president H. I. Seemann, moved that the directors empower the president to negotiate a loan to the best advantage for the company in order to meet the present payroll and for money to meet bills due, also if not enough money should come in from the subscribers of treasury stock, that the president be further empowered to raise sufficient money by loans or sale of stock to keep going until a fund has been encountered; if a fund should not be encountered by the middle of August, then the president be empowered to shut down the workings temporarily and find a ways and means to raise additional money for the sale of treasury stock and to offer a bonus of not to exceed 25% to obtain the money either now or any time if necessary."

Assuming that this resolution was passed by a valid quorum, it is not sufficient authority to Seemann to take

a commission of 25 per cent, but, at the utmost, authorizes him to sell and, perhaps, take a quantum meruit and to employ agents to whom he may perhaps pay a commission of 25 per cent.

The books of the company show that Seemann received on account of these commissions the sum of $10,522.51. It also appeared that a part of that sum charged to him was actually received by agents employed by him but there was no testimony as to how much of the whole sum he or they received. His counsel now claims that no judgment could be rendered against him because of lack of proof of the exact amount. We cannot agree to this claim. He is a fiduciary officer; money is shown to have come into his hands from the company or on its account, he must account for it, and if he lawfully paid any of it out on account of the company or has a right to retain it he must show it. In answer to questions by plaintiff's attorney he said he did not know how much went to the agents. This is not an accounting for any portion of the money so received by him, even supposing the resolution to have been properly adopted.

Plaintiff in error claims that the resolution was not passed by a majority of a quorum, since the defendant Seemann could not be counted in the quorum. Taking the pleadings and evidence together this claim seems sound, but whether a lawful quorum was present or not, the record does not show that the resolution was passed at all but only that it was moved by the defendant Seemann, therefore we cannot regard it.

Counsel for Seemann claim that services outside the regular duties of an officer give rise to a right of action for quantum meruit. We think that is so when there is a request to him to do the work or its equivalent (*Mining and Milling Co. v. Prentice,* 25 Colo. 4, 52 Pac. 210; *Brown v. Silver Mines,* 17 Colo. 421, 30 Pac. 66, 16 L. R. A. 426; *Cheeney v. Lafayette etc., R. W. Co.,* 68 Ill. 570, 575, 18 Am. Rep. 584; *Corinne etc., Co. v. Toponce,* 152 U. S. 405, 14 Sup. Ct. 632, 38 L. Ed. 493), otherwise not. If it could

be done without a request, any officer could involve a company to any extent of his own free will. Since the resolution is not shown to have been passed there is no request, and there is no subsequent vote, as in *Gumaer v. Cripple Creek, etc., Mining Co.,* 40 Colo. 1, 90 Pac. 81, 122 Am. St. Rep. 1024, 13 Ann. Cas. 781. But aside from that there is no showing of the value of the services of the defendant Seemann in selling the stock. This is for him to show. If the showing had been made it is possible that the retention of the fruits of his services would have amounted to an implied contract as in *Waters v. American Finance Co.,* 102 Md. 212, 62 Atl. 357.

Judgment reversed as to defendant Seemann and new trial granted. Affirmed as to other defendants.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.