[Civ. No. 8496. First Appellate District, Division Two.—September 12, 1932.]

HATTIE BELLE REED, Respondent, v. BOARD OF EDUCATION OF THE MONTEREY UNION HIGH SCHOOL DISTRICT et al., Appellants.

C. F. Lacey for Appellants.

Lemuel D. Sanderson for Respondent.

NOURSE, P. J.—Plaintiff sued for *mandamus* to compel the defendants to reassign her to duty in the Monterey High School. She had judgment and defendants appeal upon typewritten transcripts.

The trial court found that plaintiff had been employed as a teacher for three consecutive school years prior to June 11, 1931, and that on June 15, 1931, she received a letter from the clerk of the Board of Education by ordinary unregistered mail declaring her position vacant. The conceded facts are that prior to June 6, 1931, the respondent had numerous conversations with the superintendent of schools and with the principal of the high school in which she was informed that the board appeared unfavorable to re-electing her for the ensuing term. The superintendent suggested that she resign. She refused. He suggested that her work as a teacher was unsatisfactory; but no charges were filed and no intimation was given by the board that her work was not satisfactory. She obtained from the superintendent and from the principal flattering recommendations of her character and ability as a teacher. These were given with the knowledge that they were to be used publicly in seeking similar employment in the schools of this state. She notified the superintendent that she would attend the summer session at the University of California in Berkeley and left for that purpose on June 9th. On

June 6th the Board of Education passed a resolution purporting to declare her position vacant. A copy of this resolution was mailed without registration to respondent at her old address on June 8th. It was forwarded to Berkeley and received by respondent on June 15th. No other notice was sent or received.

■ The statute applicable to this proceeding (School Code, secs. 5.681, 5.682) provided that *"on or before the tenth day of June* in any year the governing board may give *notice in writing* to a probationary employee that his services will not be required for the ensuing year". "Such notice shall be *deemed sufficient* and complete when *delivered in person* to such employee by the clerk . . . or deposited in the United States *registered* mail with postage prepaid, addressed to such employee at his last known place of address." When such notice is not given as required by the statute, the teacher is "deemed re-elected from year to year" (School Code, sec. 5.401).

The language of the statute is plain and requires no interpretation. Its application to the facts of this proceeding is equally clear. No written notice was personally delivered to the respondent nor addressed to her through the registered mail. ■ As the notice must be in writing all the evidence or oral conversations with the superintendent and others is beyond the issues. Whether written notice was in fact received by the respondent prior to June 10th was a clear question of fact which the trial court determined adversely to appellants. The evidence fully supports this finding and this closes the inquiry on this appeal.

The case is controlled by *Blalock* v. *Ridgway*, 92 Cal. App. 132 [267 Pac. 713], in which the facts are practically identical. *Steele* v. *Board of Trustees*, 121 Cal. App. 419 [9 Pac. (2d) 217], is not in conflict. There the conceded facts were that a written notice was actually received prior to June 10th. Here the facts and the findings are to the contrary. ■ Two things must occur: the notice must be in writing and must be delivered to the teacher or deposited in the registered mail *prior* to June 10th. Failure in either respect is an insufficient notice under the statute which automatically re-elects the teacher for the ensuing year. Under certain circumstances, actual receipt of the

written notice prior to June 10th, as discussed in the Steele case, may work an estoppel upon the teacher. But such circumstances are not present here.

█ Appellants complain that the trial court refused to permit them to try the qualifications of respondent and they urge that she must show that she had served as a successful teacher throughout the preceding year. This is a false issue in this proceeding. The statute provides a clear method whereby the board may dismiss a teacher for incompetence. The board failed to follow that method. The single issue before the trial court was whether the respondent had been re-elected automatically by reason of the statute.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 11, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 10, 1932.