No. 20416.

ELIZABETH B. WOOTEN *v.* BYERS SCHOOL DISTRICT NO. 32J.
(396 P.2d 964)

Decided November 30, 1964.

Bennett S. Aisenberg, for plaintiff in error.

Flowers and McKevitt, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

Plaintiff in Error, Elizabeth B. Wooten, was plaintiff in the trial court where she sought a judgment in the sum of $4,625.00, together with attorney's fees and court costs against defendant in error School District, the defendant below, for allegedly discharging her unlawfully without the required statutory notice. Trial was had to the court and judgment was rendered against Mrs. Wooten.

The applicable statute is C.R.S. '53, 123-18-8, which provides:

"Automatic re-employment. — *Any teacher* in the public schools employed on a full-time basis but not under continuous tenure, *shall be deemed re-employed* for the succeeding year at the same salary *unless the employing board of education shall cause notice in writing to be given* said teacher on or before the 15th day of April of the term of school in which the teacher is employed, *and such teacher shall be presumed to have accepted such employment unless* he shall notify the employing board of education in writing to the contrary on or before said 15th day of April." (Emphasis supplied.)

Wooten's testimony was that on April 13, 1961, Allen Faulkner, Superintendent of the Byers High School where she was employed, told her *orally* that she would not be rehired. Wooten further testified that such oral statement was the only notice she had received. Faulkner, on the other hand, testified that he first orally told

Mrs. Wooten of her plight on March 31, 1961, and that on April 13th he called her to his office and tendered a written notice to her which she refused. No such written notice was tendered in evidence at the trial. Faulkner also testified that on May 1, 1961, he went to the Wooten residence and tendered her a written notice which he admittedly had backdated to April 13th.

Wooten sought to impeach Faulkner's veracity by offering the testimony of one Gair, a school board member, as to Faulkner's reputation for truth and veracity in the community. The trial court sustained an objection to the admission in evidence of Gair's testimony.

Thereafter the court held the evidence to be "in hopeless conflict as to whether or not the plaintiff was given notice in writing of termination of her employment letter on or before April 15, 1961." The Court then ruled that Wooten had not sustained her burden of proof as required by the statute.

Three grounds are urged for reversal, viz:

"(1) It was error to hold that Wooten had the burden of proof under the statute;

(2) It was error to hold that the notice provision of the statute is not mandatory; and,

(3) It was error to exclude Gair's testimony."

As to all three questions we conclude that Wooten is correct.

Statutes similar to Colorado's have been enacted in several states concerning public school teacher re-employment requirements. Such laws are usually designated as statutes for "Automatic Renewal" of employment contracts of teachers. See 78 C.J.S. 1062.

In dealing with a teacher re-employment statute, somewhat similar to Colorado's, the Supreme Court of Arkansas made the following cogent observation:

"One obvious purpose of the statute requiring written notice was elimination of uncertainty and possible controversy regarding the future status of a teacher and a

school. The General Assembly did not intend to cast upon a teacher the burden of proving by ordinary methods that notice had been given. Upon the other hand, the District was afforded the same accommodation." *Sirmon v. Roberts,* 209 Ark. 586, 191 S.W.2d 824 (1946).

■ Under the Colorado statute, if a teacher (as here) proves that she was "employed on a full-time basis but not under continuous tenure" she is "deemed re-employed" unless the written notice is furnished as required. "Deemed re-employed" is a mandatory provision.

Wooten, by her evidence made a prima facie case. If the Board, in fact, had served a timely written notice upon her, it had the burden of thereafter coming forward with such evidence; until then Mrs. Wooten was deemed to have been re-employed.

■ The written notice required here is not met by merely informing a teacher orally that she is not to be rehired. See *Blalock v. Ridgeway,* 92 Cal. App. 132, 267 Pac. 713 (1928); 39 *Am. Jur.,* Notice, 237; 66 *C.J.S.,* Notice, 642. The rule is that such a notice to be valid must also be given within the time fixed by the statute. 78 *C.J.S.,* Schools and School Districts, 1066. Further, all evidence of oral conversations with the superintendent and others is beyond the issues. *Reed v. Board of Education of Monterey Union High School District,* 125 Cal. App. 714, 14 P.2d 330 (1932).

■■ As to the court's refusal to permit Gair's testimony, from what has been related, it is clear that a conflict existed between Wooten's and Faulkner's versions of what notice, in fact, was given within the statutory period. Wooten, therefore, had the right to try and impeach Faulkner's reputation for truth and veracity by Gair's testimony. 58 *Am. Jur.,* Witnesses, 391, 395. Since the question propounded to Gair sought an obvious and material answer a formal offer of proof to show relevancy and competency, as asserted by the Board

here, under Rule 43 (c), R.C.P. Colo., was not necessary. Also see 4 *C.J.S.*, Appeal and Error, 900.

The judgment is reversed and the cause remanded with directions to grant a new trial on all the issues, the parties to have leave to amend their pleadings as they deem necessary.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.