475 P.2d 30 (1970)
P. L. ROBB, Plaintiff in Error,
v.
SCHOOL DISTRICT NO. RE 50(J) in the COUNTIES OF ADAMS, WELD AND MORGAN and State of Colorado, and Board of Education of School District No. RE 50(J) in the Counties of Adams, Weld and Morgan and State of Colorado, Defendants in Error.
No. 70-244, (Supreme Court No. 23465.)
Colorado Court of Appeals, Div. II.
August 18, 1970.
Rehearing Denied September 15, 1970.
John W. Lentz, Englewood, Raymond J. Cody, Arvada, for plaintiff in error.
George A. Epperson, Donald F. McClary, Stanley I. Rosener, Fort Morgan, for defendants in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and *31 subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here as they appeared at trial. Plaintiff will be referred to as such; defendants will be referred to as the Board, or collectively as defendants. The matter before us for review is the propriety of the court's directed verdict in favor of defendants in an action for breach of an employment contract brought by plaintiff on an asserted contract of employment as a teacher-principal with the Board.
Plaintiff claimed that he had been reemployed by defendants for the school year 1966-67, automatically and by operation of law, at the same salary he had received for the year 1965-66, because of defendants' failure to legally notify him of any termination; that defendants had refused to honor that contract, attempting instead to force plaintiff to accept a different contract at a reduced salary; and that defendants had therefore breached his contract of employment. Defendants denied this and set up several affirmative defenses, including improper refusal by plaintiff to accept reassignment of duties, constituting a breach of contract by him, and refusal to mitigate damages.
Evidence showed as follows: Plaintiff had been employed by the Board and its predecessor as an elementary teacher-principal for the years 1952-53 through 1965-66 under written contract. Plaintiff's contract for 1965-66 provided for a salary of $7,720, of which, pursuant to applicable district pay scales, $6,720 was for teaching and $1,000 for duties as a principal. During this contract year, however, and for at least the two immediately preceding contract years, plaintiff's duties were entirely administrative.
On January 10, 1966, the Board amended district retirement policies to establish mandatory retirement at age 65. Plaintiff was at this time 65 years of age and, accordingly, the Board decided to retire him at the end of the 1965-66 school year. It gave him no written notification of this, however, although it asserted that it had orally advised him thereof, both prior to and after adoption of the policy, and that he had agreed to retire. Plaintiff denied any such agreement. His "retirement," nevertheless, was announced in a District Bulletin and he was subsequently awarded an honorary "Certificate of Appreciation" at graduation ceremonies in May of 1966. The Board asserted that this certificate was read aloud at these ceremonies by its president, and that the certificate clearly indicated its nature as a recognition of service upon retirement. Plaintiff, however, claimed that no words referring to his retirement were ever read aloud, and that he would not have accepted the certificate if they had been as he had no intention of retiring.
In June of 1966, plaintiff informed the Board's Superintendent of Schools that he had not retired. He stated further that he considered himself still employed by the Board for the year 1966-67, even though he had received no new employment contract. He made this claim by virtue of C.R.S.1963, 123-18-8, infra, which provides for automatic reemployment of teachers if they do not receive notice of termination by statutorily given date. Subsequently, on August 3, 1966, the Board offered plaintiff a new written contract for 1966-67 as a teacher only, at a salary of $6,720, as determined from the applicable district salary schedule. Plaintiff refused this offer by a letter to the Board, dated August 10, 1966, informing it: "* * * I still remain ready, willing, and able to perform services for the 1966-1967 school year under my existing contract of employment * * *" [referring to his alleged automatic reemployment under the statute]. In response to this letter, he received a letter written by the Superintendent of Schools on August 12, 1966, stating that the Board was dissatisfied with his services as principal; that it was reassigning him to teaching duty only, at an appropriate reduced salary under provisions of C.R.S.1963, 123-18-5; and that he had until August 16, 1966, in which to accept this employment, *32 or to be considered to have refused employment. Nothing in the record, however, indicates any formal action taken by the Board in the form of a resolution, vote, or otherwise, to deem plaintiff unsatisfactory, as a condition precedent to his reassignment to teaching duties only, under C.R.S.1963, 123-18-5.
Plaintiff refused this offer by letter of August 15, 1966. He reiterated his readiness to serve at his preceding year's salary, stating that his refusal of the offer was based upon the reduced salary figure and upon no other grounds. The Board viewed his refusal as a form of resignation or abandonment, and hired another teacher to fill his position. Thereafter, plaintiff brought the subject suit.
At the close of all evidence, the trial court took the case from the jury and directed verdict in favor of defendants on the grounds, among others:
1. That plaintiff was not a tenured teacher under the Teacher Tenure Act (C.R.S.1963, 123-18-1, et seq.) at the times material to this action;
2. That plaintiff was automatically reemployed by operation of statute; and
3. That the Board had deemed plaintiff's work to be unsatisfactory and had reassigned him to classroom teaching at a lesser salary commensurate with the applicable salary schedules, permissible under the Teacher Tenure Act, but that plaintiff had improperly refused such reassignment at any salary less than $7,720.
Plaintiff then took the necessary steps to perfect appeal and asserts before this Court that the trial court erred in not granting him summary judgment and in directing verdict for defendants.

AUTOMATIC REEMPLOYMENT
As the trial court found, it is clear that plaintiff was automatically reemployed for the year 1966-67 at the same salary as he had received for the preceding year, by operation of C.R.S.1963, 123-18-8, which states:
"Automatic re-employment.Any teacher in the public schools employed on a full-time basis but not under continuous tenure shall be deemed re-employed for the succeeding year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the 15th day of April of the term of school in which the teacher is employed, and such teacher shall be presumed to have accepted such employment unless he shall notify the employing board of education in writing to the contrary on or before said 15th day of April."
The evidence is uncontroverted that, although plaintiff did not actively teach, he was a "teacher" within the meaning of the Teacher Tenure Act as defined by C.R.S.1963, 123-18-2; that he had a contract for the year 1965-66 at a salary of $7,720; that he was not, at the time of automatic reemployment, a tenured teacher because the district did not elect to become covered by the Teacher Tenure Act until the school year 1963-64, and none of its then-employed teachers, including plaintiff, were eligible for tenure under the Act until employed for the year 1966-67; and that although he may have been informed he would not be reemployed for 1966-67 (by Board intimations or statements concerning his retirement, made early in 1966), he was not so informed in writing as required by statute, and as is mandatory (Wooten v. Byers School District No. 32J, 156 Colo. 89, 396 P.2d 964). Under such circumstances, he falls squarely within the protection of the statute, and can only be considered automatically reemployed for the year 1966-67.

TENURE
Plaintiff was "tenured" at the time of this action. By C.R.S.1963, 123-18-3, a teacher becomes "tenured," and entitled to protection as such under the following circumstances:
"Any teacher having served as a teacher in active service in the same first-class *33 school district * * * on a regular full-time basis continuously and without interruption for three full years, and who shall thereafter * * * be re-employed for the fourth year immediately succeeding in such first-class district * * * without further election, shall have stable and continuous tenure as a teacher in such school during efficiency and good behavior and continuous service. * * *"
The evidence is uncontroverted that plaintiff serve the Board as a teacher on a full-time basis continuously for the years 1963-64, 1964-65 and 1965-66; that the district was a first-class district; and that plaintiff was reemployed for a fourth year by operation of statute, as explained supra. Therefore, notwithstanding the erroneous finding of the trial court to the contrary, he was "tenured" and was entitled to protection as such, from April 15, 1966, and thereafter, when he was automatically reemployed for the fourth year.

REASSIGNMENT
Since plaintiff was tenured and had an enforceable contract, the issue then resolves itself into whether or not defendants' attempt to relieve him of his administrative duties as principal and transfer him to a teaching position only, under provisions of C.R.S.1963, 123-18-5, complied with all legal requirements. The statute in question permits such transfers when a teacher-administrator is "deemed" unsatisfactory in his administrative capacity.
There is some evidence in the record to indicate the Board felt that plaintiff was unsatisfactory as a principal. There are "minutes" in the record indicating they discussed the subject, and several derogatory statements were made about his work and his capabilities, followed a few days later by the Superintendent's letter telling him that the Board considered him to be unsatisfactory. There was also testimony from Board members, stating they had reached this conclusion. However, C.R.S.1963, 123-30-8 (1965 Perm.Supp.) contains the following requirement: "All voting at any meeting shall be by roll call." Our Supreme Court has interpreted this statute to mean that a school board may act only at public meetings and only then by way of roll-call vote. Gavend v. City of Thornton, 165 Colo. 182, 437 P.2d 778. No roll-call vote was taken to "deem" plaintiff unsatisfactory as an administrator; therefore, the Board's action in purportedly so doing was a nullity and of no consequence.
It follows then that plaintiff's contract as a teacher-principal was still operational and enforceable, until the proper procedural action was taken by the Board to deem him unsatisfactory and to transfer him to a teaching position only. Accordingly, the trial court erred in directinng verdict for defendants on the grounds that plaintiff had abandoned his contract.
Since plaintiff stood ready, willing and able in every respect to abide by his valid and enforceable contract, but was prevented from doing so by the Board when it refused to honor the contract and hired a replacement, the Board is liable to him for damages. In the face of uncontroverted evidence that plaintiff mitigated his damages by $1,300, and in the face of a total lack of evidence that he could mitigate them any further, the proper measure of damages is the difference between his contract salary ($7,720) and his earnings in mitigation ($1,300) or $6,420.
The judgment of the trial court directing verdict for defendants is reversed and the case is remanded with instructions to enter judgment for plaintiff in the amount of $6,420.
COYTE and ENOCH, JJ., concur.