500 P.2d 987 (1972)
Joseph NAGY, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 28J, COUNTIES OF ADAMS AND ARAPAHOE, State of Colorado, and School District No. 28J, Counties of Adams and Arapahoe, State of Colorado, a public corporation, Defendants-Appellees.
No. 71-279.
Colorado Court of Appeals, Div. I.
May 23, 1972.
Rehearing Denied June 13, 1972.
Certiorari Denied September 25, 1972.
*988 Clayton H. Morrison, Aurora, Anderson, Smedley & Pittam, Samuel A. Anderson, Littleton, for plaintiff-appellant.
John D. Saviers, Aurora, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
Plaintiff-appellant, Joseph Nagy, will be referred to as plaintiff; defendants-appellees will be referred to as the Board.
In August 1964, plaintiff was employed by the Board as a Social Services Consultant and served in this administrative position continuously for six years. On May 20, 1970, plaintiff was notified by his supervisor that he would be transferred from this position at the end of the school year and assigned to classroom teaching. In August 1970, the plaintiff was formally notified by the Board of his appointment to a teaching position. The salary for the teaching position was less than the salary for a Social Services Consultant. Plaintiff accepted the appointment, but he notified the Board that he was doing so under protest.
Plaintiff then commenced this action for injunctive relief seeking to require the Board to reinstate him to his former administrative position. He also sought damages for his reduction in salary. Plaintiff alleged that he was the holder of a valid Colorado Teacher Certificate; that he had served in an administrative position for six years; and that the Board's action violated his rights to tenure under the Teacher Tenure Act. C.R.S.1963, 123-18-1, et seq.
The trial court found that defendant was not employed as a teacher and concluded that he had no rights to tenure under the Act. The court entered judgment in favor of the Board and plaintiff has appealed. We affirm.
The school boards of local school districts are empowered by statute to control the employment of all personnel required to maintain the operations and carry out the educational program of the district. 1965 Perm.Supp., C.R.S.1963, 123-30-9(7). The power of school boards to control the hiring and firing and transfers of their employees in their districts is limited only by the express terms of the statutes with respect to these aspects of the operations of the district. See Draper v. School District No. 1, Colo., 486 P.2d 1048.
The Teacher Tenure Act of Colorado, as it existed at the time plaintiff claims he acquired his right to tenure, provided:
"The term `teacher' as used in this article shall be deemed to mean and include all persons regularly certified by the teacher certifying authority of the state of Colorado, excepting those holding special permits and excepting the chief administrative officer of any school district. A person whose duties include those of a chief administrative officer and who is on the average required to spend two-thirds or more of the regular school hours during each school day in classroom teaching, shall be included under the provisions of this article as a teacher.
". . . Any teacher having served as a teacher in active service in the same first-class school district, county or union high school district, or junior college, including the time before and after the passage of this article, on a regular fulltime basis continuously and without interruption *989 for three full years, and who shall thereafter, and subsequent to the effective date of this article, be re-employed for the fourth year immediately succeeding in such first-class district, county or union high school district, or junior college, without further election, shall have stable and continuous tenure as a teacher in such school during efficiency and good behavior and continuous service . . . ." C.R.S.1963, 123-18-2 and 123-18-3.
Although plaintiff holds a teacher certificate and was employed by the Board for three full years and was thereafter reemployed for the fourth year, he is not entitled to tenure under the Act because he has not served as a teacher during the time of his employment. C.R.S.1963, 123-18-3, requires service "as a teacher in active service in the same first-class school district" for the requisite period of time. Plaintiff admittedly was employed as a Social Services Consultant and his performance of service as such does not constitute service as a teacher.
As authority for his contention that one holding a teacher certificate may acquire tenure by serving in an administrative capacity, plaintiff cites School District No. 2 in Fremont County v. Brenton, 137 Colo. 247, 323 P.2d 899, and Robb v. School District No. RE50(J), 28 Colo.App. 453, 475 P.2d 30. These cases do not support plaintiff's position. In both cases the teachers had served as classroom teachers and also as principals. In both cases the court held that the teacher's service as principal constituted service as a teacher within the meaning of the Teacher Tenure Act. It is a statutory requirement of the position of principal that such person be a regularly certified teacher. Service in a position requiring certification is service as a teacher unless otherwise provided by statute. The administrative position held by plaintiff did not require that plaintiff be certified as a teacher and his duties were not those of a teacher.
Our determination that the trial court correctly held that plaintiff was not entitled to tenure as a teacher makes it unnecessary to consider the other arguments advanced by plaintiff. We should point out, however, that in a decision announced after the trial of this case, our Supreme Court held that:
"Teachers who acquire tenure are guaranteed by law that they cannot be dismissed from their positions as teachers except for certain reasons and in accordance with a statutory provision for notice and hearings . . . . The Teacher Tenure Act, however, does not give anyone holding an administrative position tenure in such a position." Draper v. School District No. 1, supra.

Under the rule announced in that case, the plaintiff is not, under any theory, entitled to tenure in his position as Social Services Consultant.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.