**Jeannie L. NORWOOD,**
**Plaintiff-Appellee,**

v.

**SCHOOL DISTRICT RE–11J, ALAMOSA COUNTY, Colorado,**
**Defendant-Appellant.**

No. 78–517.

Colorado Court of Appeals,
Div. III.

Jan. 31, 1980.

Rehearing Denied Feb. 28, 1980.

Certiorari Granted June 30, 1980.

Hobbs & Waldbaum, P. C., Larry F. Hobbs, Douglas B. Koff, Denver, for plaintiff-appellee.

McClure & Jacobs, P. C., John C. McClure, Richard J. Jacobs, Alamosa, for defendant-appellant.

SMITH, Judge.

The School district appeals a judgment ordering reemployment of plaintiff with full benefits and back pay. We affirm.

Plaintiff was a non-tenured teacher employed by defendant. On April 12, 1977, plaintiff was orally advised by her principal that her employment contract for the next school year possibly would not be renewed. On April 12, 1977, the school board for the

district voted not to renew plaintiff's contract.

On April 14, 1977, defendant, by certified mail, sent notice that plaintiff would not be reemployed for the next school year. The letter, however, was improperly addressed. On April 15, 1977, the post office discovered the error and routed the letter to the appropriate address. The letter reached plaintiff on April 16, 1977.

The school district asserts that the trial court erred in determining that notice was not properly given plaintiff under § 22–63–110, C.R.S. 1973. We disagree.

Section 22–63–110, C.R.S. 1973, provides in pertinent part: "A teacher employed by a school district on a full-time basis who has not acquired tenure shall be deemed to be reemployed for the succeeding academic year . . . unless the board thereof causes written notice to the contrary to be given to said teacher on or before April 15, of the academic year . . .." The trial court concluded that since plaintiff did not receive written notice of termination of her employment contract by April 15, 1977, plaintiff's contract for employment was automatically renewed.

 The purpose of requiring written notice is the elimination of uncertainty and controversy regarding the future status of a teacher. *Wooten v. Byers School District No. 32J*, 156 Colo. 89, 396 P.2d 964 (1964). We conclude that promoting certainty under the statute in question can best be accomplished by interpreting the words "causes written notice . . . to be given" to mean that the notice must have been received by the teacher on or before April 15, of the academic year in question. *See Ledbetter v. School District No. 8*, 163 Colo. 127, 428 P.2d 912 (1967). In *Ledbetter*, however, notice of termination was deemed received by the teacher when the postal department, unable to deliver the letter because of the teacher's absence, left a written message in the teacher's mail box informing her that the letter could be retrieved at the post office.

Here, on April 15, plaintiff still had not received the letter of termination nor notice of its availability at the post office. Thus, she was deemed to have been reemployed for the next academic year. Section 22–63–110, C.R.S. 1973.

We have considered defendant's other assertions of error and have found them to be without merit.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.