Susan L. DAY, Plaintiff-Appellant,

v.

**PROWERS COUNTY SCHOOL DIS-TRICT RE–1, Defendant-Appellee.**

No. 83CA1005.

Colorado Court of Appeals,
Division II.

Feb. 13, 1986.

Rehearing Denied March 27, 1986.

Certiorari Denied (Prowers)
Sept. 29, 1986.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Denver, for plaintiff-appellant.

Jay W. Swearingen, Colorado Springs, for defendant-appellee.

SMITH, Judge.

Plaintiff, Susan Day (Day), appeals from a declaratory judgment ruling that she had not acquired tenure as a teacher in the Prowers County School District. On appeal, Day claims that the district court erred in holding that her teaching assignment was transferred from defendant school district to the Southeastern Colorado Board of Cooperative Educational Services (BOCES) and that such transfer cut off her right to acquire further tenure credit with defendant. She argues that the court further erred in holding that, because her teaching contract was with BOCES rather than with defendant, she was not statutorily authorized to acquire tenure. We reverse and remand with instructions to enter judgment declaring that Day has ac-

quired tenure within defendant school district.

The parties' stipulation of facts, the documentary evidence, and the record disclose the following facts. BOCES applied for and administered federal (Title I) funds for supplemental education for economically disadvantaged children in each of its thirteen member school districts. BOCES channeled funds to individual member school districts as each district's needs were demonstrated. Funds from BOCES were then co-mingled with the individual district's funds.

Upon recommendation of defendant district's superintendent, BOCES agreed that Day should be hired after the superintendent indicated that the district would accept an assignment of a Title I teacher to teach in its school district. Day executed a Teacher's Contract with the district in July of 1977 for employment during the 1977/78 school year beginning August 23rd. She also executed a Teacher's Contract with BOCES on September 6, 1977, to teach in a Title I remedial reading program in defendant's school.

Day executed similar Teacher's Contracts with both defendant and BOCES for the 1978/79 school year. She executed another Teacher's Contract for school year 1979/80; however, this time the contract was jointly executed by defendant and BOCES. Day was continuously employed as a teacher in the Title I program in defendant school district until the time of trial in 1983, a period spanning more than five years.

Defendant admits that it was a co-employer of Day during her first three years of teaching in its schools. Nonetheless, at defendant's school board meeting on April 8, 1980, the board adopted a recommendation of its superintendent that Day and five other "personnel be under contract with the [BOCES] for academic year 1980/81." The board also voted to offer named teachers, other than Day and the five others, a contract for the 1980/81 school year.

Day testified that at the time she executed her teacher's contract with BOCES for the 1980/81 school year, she understood the contract to provide that she would continue her assignment as a Title I teacher with the district and that she would accept reassignment, as a *regular classroom teacher*, to other grades or classes as directed by the superintendent of the district.

The trial court, however, from testimony of the district's superintendent, from minutes of the above board meeting, and from Day's contract with BOCES, found and concluded that the district had effectively transferred Day's employment to BOCES before it was required to give her tenure. The district court accordingly concluded that Day was not a tenured teacher and so decreed.

## I.

Day argues that the court erred in denying her claim for tenure because defendant failed to give her the statutorily required notice that she would not be reemployed for the 1980/81 school year. She contends that, absent such notice, she was automatically reemployed for a fourth year and that she therefore acquired tenure status upon completing the first day of her fourth academic year. We agree.

The pertinent statute, § 22–63–110, C.R.S., provided:

"A teacher employed by a school district on a full-time basis who has not acquired tenure shall be *deemed to be reemployed* for the succeeding academic year at the salary which he would be entitled to receive under the general salary schedule unless the board thereof causes *written notice to the contrary* to be given to said teacher on or before April 15 of the academic year during which said teacher is employed...." (emphasis added) *Cf.* § 22–63–110, C.R.S. (1985 Cum.Supp.)

The requirement of written notice serves to eliminate uncertainty and controversy regarding the future status of a teacher. *Wooten v. Byers School District No. 32J,* 156 Colo. 89, 396 P.2d 964 (1964).

Here, the parties stipulated that the school district did not notify Day that her teaching contract with it would not be renewed. We therefore conclude that Day was automatically reemployed for a fourth academic year, and she was, therefore, entitled to tenure upon the first day of performance of services on that fourth year. *See* § 22–63–112, C.R.S.

■ We reject as without legal merit defendant's contention that, when it effectively transferred Day from employment with it to employment with BOCES, it also terminated both her employment with it, and any accrued rights to tenure she then had.

Where an order is entered on the basis of documentary evidence alone, an appellate court is as competent as the district court to review the sufficiency of the evidence and apply the law thereto. *Colorado River Water Conservation District v. Municipal Subdistrict*, 198 Colo. 352, 610 P.2d 81 (Colo.1979).

Section 22–63–114(1), C.R.S., provides that:

> "[a] teacher may be transferred upon the recommendation of the chief executive officer of a school district from one school ... to another within the school district...."

While the power of school boards to control the hiring and firing or transfers of teachers in their school districts is limited only by the express terms of the Teacher Employment, Dismissal, and Tenure Act of 1967, § 22–63–101, et seq., C.R.S., *Draper v. School District No. 1*, 175 Colo. 216, 486 P.2d 1048 (1971), we find no statutory authority empowering the district to transfer Day's teaching contract to another school district in order effectively to truncate her statutory right to tenure. *Cf.* § 22–63–109, C.R.S. (exchange of teachers).

Here, the district sent a letter to Day on April 8, 1980, stating that its board:

> "took action to put you on contract with [BOCES] for the academic year 1980–81 to be assigned to Granada School. Your contract and compensation will be totally

with the BOCES under the supervision of [the BOCES director] and Mr. Don Nichols, Superintendent of Granada School."

Nonetheless, Day continued teaching exclusively in defendant's schools. She was paid, as other teachers, according to defendant district's salary schedule. Defendant's administrators exclusively supervised and evaluated her performance. Day performed duties identical to those of all other teachers in the defendant district. And, the district's school board alone determined if Day's contract, whether with it or with BOCES, would be renewed.

We conclude that, since defendant retained the right of control over all facets of Day's employment, she remained its employee. *See Dumont v. Teets*, 128 Colo. 395, 262 P.2d 734 (1953); *see also Continental Bus System, Inc. v. N.L.R.B.*, 325 F.2d 267 (10th Cir.1963). Under these circumstances, defendant's attempt to transfer Day to BOCES was in effect no more than an attempt to implement its decision not to renew her teacher's contract to prevent her from acquiring tenure. As we held above, defendant failed to give Day written notice of such nonrenewal, and she was thus automatically reemployed.

Furthermore, the fact that defendant neglected, failed, or refused to reduce Day's employment contract to writing for the academic years following 1980/81 does not affect her acquisition of tenure; by such time, Day's tenure rights had already vested. Section 22–63–107(2), C.R.S.

The judgment is reversed and the cause is remanded with directions to enter judgment declaring that Day attained tenure status in defendant school district as of the first day of the 1980/81 school year.

VAN CISE and STERNBERG, JJ., concur.