Stacy ROBERTS, Plaintiff–Appellant,

v.

C & M READY MIX CONCRETE COMPANY OF BOULDER, a Colorado corporation, and Robert E. Davis, Defendants–Appellees.

No. 86CA1436.

Colorado Court of Appeals,
Div. V.

Sept. 1, 1988.

Rehearing Denied Sept. 22, 1988.

Certiorari Denied Jan. 9, 1989.

Hutchinson, Black, Hill & Cook, Baine P. Kerr, Boulder, for plaintiff-appellant.

Tilly & Graves, P.C., W. Dan Mahoney, Denver, for defendants-appellees.

FISCHBACH, Judge.

Plaintiff, Stacy Roberts (Roberts), appeals the verdict entered in favor of defendants, C & M Ready Mix Concrete Company of Boulder (C & M) and Robert E. Davis (Davis). We affirm.

While stalled at an intersection in her car, Roberts was struck from the rear by a C & M cement mixer driven by Davis, an employee of the company. Roberts brought suit for personal injuries. The trial court entered directed verdicts against defendants on the issue of negligence and the case went to the jury on issues of causation and damages. The jury returned a verdict in defendants' favor and this appeal followed.

## I.

Roberts asserts that the trial court erred by prohibiting cross-examination of defendants' expert witness as to whether his opinion that Roberts' permanent cervical problems were unrelated to the accident would change if the actual speed of the cement mixer was greater than the 2–3 miles per hour speed he assumed. We agree, but conclude the error does not require that the judgment be reversed.

### A.

As to defendants' contention regarding the absence of an offer of proof, the record shows that the substance of the evidence excluded was apparent from the context of the cross-examination of the expert, and therefore, no formal offer of proof was necessary. *Wooten v. Byers School District No. 32J,* 156 Colo. 89, 396 P.2d 964 (1964); CRE 103(a)(2).

### B.

Alleging that a truck speed of greater than 2–3 mph could be fairly inferred from the evidence, Roberts argues that the trial court improperly limited her cross-examination of the expert.

An expert may be cross-examined concerning the basis for his opinion. *People v. Alward,* 654 P.2d 327 (Colo.App. 1982) *certorari dismissed as improvidently granted,* 677 P.2d 948 (Colo.1984); CRE 705. Here, the expert was being cross-examined as to the basis for his opinion through the use of a hypothetical question.

On direct examination, an expert can be asked hypothetical questions based upon assumptions when the assumptions have a reasonable basis in the evidence. *Riss & Co., Inc. v. Galloway,* 108 Colo. 93,

114 P.2d 550 (1941). The same standard applies to cross-examination. *See Taylor v. REO Motors, Inc.*, 275 F.2d 699 (10th Cir.1960) (cross-examiner not limited to adversary's hypothesis); *American Pacific Whaling Co. v. Kristensen*, 93 F.2d 17 (9th Cir.1937) (no error to allow hypothetical question of defendants' expert that assumed a part of defendant's equipment to be "too weak"); *C.T. Hughes Construction Co. v. Phillips*, 401 P.2d 498 (Okla. 1965) (cross-examination of expert with hypothetical containing facts not clearly proven but which jury might reasonably find were established was proper).

■ In this case, there was a reasonable basis in the evidence to infer that C & M's vehicle was exceeding 2–3 mph. Although the driver, Davis, testified that he thought he was going 2–3 mph, he also testified that he came to a complete stop behind Roberts at a red light, and accelerated to a maximum speed of 10 mph when the light turned green; that he was in third gear and the cement mixer usually traveled at 10 mph at 2,000 rpm in third gear; and that his foot slipped off the brake pedal as he attempted to stop. Further, police investigation found no skid marks and Roberts testified that, as she observed the grill of the truck through her rear view mirror immediately before the accident, she saw no dipping or slowing.

Under these circumstances, an inference that the truck was moving at a speed greater than 2–3 mph was reasonable. Therefore, applying the standard enunciated herein, we conclude that the trial court's ruling precluding cross-examination on this point was error. *See C.T. Hughes Construction, supra.*

### C.

■ Even if there is error, however, a judgment will not be reversed unless the error is shown to be prejudicial to a substantial right of the aggrieved party. *Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552 (1963); CRE 103(a). Here, the trial court's error did not affect Roberts' substantial rights.

■ After Roberts' attorney was denied the right to question defendants' expert on a cement mixer speed of "six, eight miles per hour ...," he nonetheless succeeded in eliciting testimony that the expert's opinion was based on the assumption of a 2–3 mph speed. Moreover, the expert subsequently testified that he does not usually "see any damage of any significant nature or any permanent injury at less than 20, 30 miles an hour." In light of these responses, denial of Roberts' question on the effect of a speed of six, eight, or even ten mph, was harmless.

### II.

Roberts also contends that the jury's failure to award any damages, even though the expert admitted Roberts had been injured, was manifestly inadequate and requires a new trial. We do not agree.

■ The amount of damages to which an injured party is entitled is a matter within the sole province of the jury. *Smith v. Hoyer*, 697 P.2d 761 (Colo.App. 1984). If there is a theory of the case which is consistent with the jury award, we will not disturb that award. *See Lonardo v. Litvak Meat Co.*, 676 P.2d 1229 (Colo. App.1983).

Pursuant to § 10–4–714, C.R.S., as then in effect, the jury was instructed, in pertinent part:

"Before you consider the question of damages, you must first find that:

"The Plaintiff, Stacy Roberts sustained one or more of the following which was caused by the accident:

   a.  permanent disability;

   b.  the reasonable value of reasonably needed medical or chiropractic services, alone or in combination, have [exceeded] or will exceed $500; or

   c.  loss of earnings or earning capacity in excess of $125.00 per week for the 52 weeks following the accident.

"If you find that none of the above have been proved by a preponderance of the evidence, then you must return your verdict in favor of the Defendants."

There was conflicting evidence as to the cause of the permanent cervical injuries and the extent of Roberts' injuries that could be attributed to defendant's negligence. Therefore, the award of zero damages is consistent with the view that the jury intended no award to Roberts because it found that none of the conditions specified in the instruction had been demonstrated. There is evidence in the record to support that view, and thus, the verdict was not manifestly inadequate. *See Lonardo, supra.*

JUDGMENT AFFIRMED.

VAN CISE and PLANK, JJ., concur.