Karen G. HOLDRIDGE,
Petitioner–Appellee,

v.

BOARD OF EDUCATION OF KEENESBURG RE–3, WELD COUNTY REORGANIZED SCHOOL DISTRICT NO. 3; and Weld County Board of Cooperative Educational Services, Respondents–Appellants.

No. 92CA1469.

Colorado Court of Appeals,
Div. I.

March 10, 1994.

Rehearing Denied April 21, 1994.

Certiorari Denied Sept. 12, 1994.

Colorado Educ. Ass'n, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Aurora, for petitioner-appellee.

Hall & Evans, Daniel R. Satriana, Jr., Marlene T. Gresh, Denver, for respondent-appellant Bd. of Educ. of Keenesburg RE–3, Weld County Reorganized School Dist. No. 3.

Miller, DeLay & Crabb, P.C., Reese Miller, Thomas S. Crabb, Westminster, for respondent-appellant Weld County Bd. of Cooperative Educational Services.

Opinion by Judge ROTHENBERG.

Respondents, Board of Education of Keenesburg RE–3, Weld County Reorganized School District No. 3 (School District) and the Board of Education of Weld County Board of Cooperative Educational Services (BOCES), appeal from an order of the trial court finding that petitioner, Karen G. Holdridge, was employed as a teacher by the Keenesburg School District and that, as a result, any dismissal proceedings instituted against her must be governed by the Teacher Employment, Compensation, and Dismissal Act of 1990, § 22–63–101 to § 22–63–403, C.R.S. (1988 Repl.Vol. 9). We affirm.

The School District is one of several school districts that participated in forming BOCES under the Boards of Cooperative Services Act of 1965. BOCES functions as an organization that provides administrative, instructional, facility, and community services to the Keenesburg School District and to the other participating school districts.

In August 1979, Holdridge, a certified teacher in the state of Colorado, entered into a one-year employment contract with BOCES to teach as a special education teacher in the Keenesburg School District. Holdridge signed similar one-year employment contracts with BOCES for each successive school year through the 1991–1992 school year.

In the fall of 1991, three of Holdridge's students alleged that she had engaged in improper conduct by inappropriately touching them. In response to these allegations which Holdridge vehemently denied, the BOCES suspended Holdridge with pay pending an investigation of the students' accusation.

After the investigation, the Weld County Sheriff's Department advised the school authorities that no criminal action would be taken against Holdridge. Holdridge, however, was not returned to the classroom, nor was she given a hearing by the School District regarding the charges.

Thereafter, on April 16, 1992, Holdridge filed this action, alleging in her complaint that she was a teacher employed by the Keenesburg School District, that she had made numerous requests for a hearing that were denied, and that the School District had refused to return her to the classroom. She requested an order mandating the School District to conduct termination proceedings pursuant to the provisions of § 22–63–117, C.R.S. (1988 Repl.Vol. 9) or to provide her with a pre-termination hearing.

On May 13, 1992, without a hearing, BOCES informed Holdridge that she would not be offered an employment contract for the 1992–93 school year.

At the bench trial on this action, the court ruled that: (1) Holdridge was employed by the Keenesburg School District; (2) BOCES was acting as an agent for the School District; (3) the School District's Board of Education had ratified Holdridge's employment with the School District; and (4) accordingly, any termination proceedings instituted against Holdridge were to be governed by the Teacher Employment, Compensation, and Dismissal Act of 1990.

The School District and BOCES now contend that the authority to employ Holdridge rests exclusively with the School District's Board of Education and cannot be delegated. *See* § 22–32–109(1)(f), C.R.S. (1993 Cum.

Supp.). They maintain that the only procedures which the School District's Board of Education could have used to employ Holdridge was through a public meeting by way of a roll-call vote and by a written employment contract. Thus, they contend, since there is no evidence of a meeting, roll-call vote, or written contract with the School District, Holdridge is not and has never been employed by the School District.

They also claim the trial court erred in finding that BOCES acted as a hiring agent for the School District and in finding that its Board of Education ratified the hiring of Holdridge. We perceive no error.

Pursuant to § 22–32–109(1)(f), C.R.S. (1993 Cum.Supp.), school districts are responsible for employing all personnel necessary to its education program. In *Big Sandy School District No. 100–J v. Carroll*, 164 Colo. 173, 433 P.2d 325 (1967), our supreme court determined that, with respect to employing teachers, this duty is the sole responsibility of the board of education and cannot be delegated. *See also Fremont RE–1 School District v. Jacobs*, 737 P.2d 816 (Colo.1987).

Other cases, however, have supported the principle that a school board, by its actions, may ratify a teacher's employment. *Norton v. School District No. 1*, 807 P.2d 1160 (Colo. App.1990); *School District No. 25 v. Stone*, 14 Colo.App. 211, 59 P. 885 (1990); *see also Big Sandy School District No. 100–J v. Carroll, supra*.

In *School District No. 25 v. Stone, supra*, plaintiff, a teacher, solicited each member of the school board personally for employment and each member consented to her employment. A contract was then drafted and signed by the board's president and secretary. This signing did not take place at a regularly convened meeting. Plaintiff began teaching and, two months later, was terminated without cause and without a hearing.

Plaintiff brought suit, arguing that she was entitled to the remainder of her salary in accordance with the contract she had previously executed. In response, the school district maintained that it had not entered into any agreement with plaintiff.

The court in *Stone* rejected defendant's contention and concluded that the school board had *ratified* plaintiff's contract by paying her salary and recognizing her as a teacher for more than two months. The court stated:

[I]t was not necessary that the three directors should formally meet together, and pass a resolution authorizing and confirming the contract which they had individually agreed to.

*School District No. 25 v. Stone, supra;* 14 Colo.App. at 217, 59 P. at 887–88; *see also Norton v. School District No. 1, supra* and *Big Sandy School District No. 100–J v. Carroll, supra.*

Similarly, here, we agree with the trial court that the actions of the Keenesburg School District's Board of Education ratified Holdridge's contract. She worked as a teacher exclusively for the Keenesburg School District for 13 consecutive years. And, Holdridge testified that each year she received a letter from the Keenesburg School District stating that if she wished to be considered for re-employment, she must sign and return a form by a date certain.

Further, BOCES' Executive Director testified that the power of control over Holdridge's actions rested with the Keenesburg School District. More specifically, the Executive Director testified that the day-to-day supervision of Holdridge remained with the Keenesburg School District, that the day-to-day evaluation of Holdridge was conducted by the principal of the school in which she was teaching, and that, although BOCES processed Holdridge's check, her salary was paid primarily from sums received from the School District for the entire 13 years that she taught for the District. In other words, the School District used her services, controlled her work, and, in effect, paid most of her salary.

We therefore conclude, as did the trial court, that Holdridge was a teacher employed by the Keenesburg School District. Accordingly, any termination proceedings instituted against her must be governed by the Teacher Employment, Compensation, and Dismissal Act of 1990.

Based upon the foregoing analysis and conclusion, we need not address respondents' other contentions.

The judgment is affirmed.

CRISWELL, J., concurs.

PIERCE,* J., dissents.

Judge PIERCE dissenting.

Most of the basic facts are not in dispute in this action. The principal fact that cannot be avoided is that the only written contract of employment that Holdridge had over the many years that she taught in the Keenesburg Schools was with BOCES. Although there were other contracts between the School District and BOCES that allowed BOCES to provide the services of Holdridge to the School District and that further provided that the School District would pay BOCES for those services, there was never a contract between Holdridge and the School District. Therefore, Holdridge was never a tenured teacher of the district under the Teacher Employment, Compensation, and Dismissal Act. See Nagy v. Board of Education, 31 Colo.App. 45, 500 P.2d 987 (1972).

The power and authority to employ teachers in a school district rests exclusively with its board of education and cannot be delegated. University of Colorado v. Silverman, 192 Colo. 75, 555 P.2d 1155 (1976); Big Sandy School District No. 100-J v. Carroll, 164 Colo. 173, 433 P.2d 325 (1967). The only way Holdridge could have become employed by the School District would have been by action of its board of education at a public meeting by way of roll-call vote. Section 22-32-108(6), C.R.S. (1993 Cum.Supp.); Robb v. School District No. RE 50J, 28 Colo.App. 453, 475 P.2d 30 (1970). That did not occur.

The fact that some of the contracts between Holdridge and BOCES indicate that BOCES would assign her to do service for the School District does not qualify to make her an employee of the School District because the School District was not a party to these contracts. The employment of teachers cannot be delegated to another entity by a school board. Big Sandy School District No. 100-J v. Carroll, supra.

I do not dispute that, once BOCES provided the services of Holdridge to the School District, Holdridge was placed in intimate daily contact with the District and was expected to conform to its policies. That close cooperation is anticipated by the BOCES statute. Section 22-5-105.5(1), C.R.S. (1993 Cum.Supp.). But, such circumstances do not cause a contract to be created here.

Nor can common law principles be used to cancel the clear provisions of the statute as to who is the employer here. Gavend v. City of Thornton, 165 Colo. 182, 437 P.2d 778 (1968); Robb v. School District, supra.

Ratification is the adoption and confirmation by an entity with knowledge of all material facts of a contract entered into on behalf of the entity by another who at the time assumed, without authority, to act as the entity's agent. Nunnally v. Hilderman, 150 Colo. 363, 373 P.2d 940 (1962). Such a contract can only be ratified under the same authority and formality required to enter into such a contract. Laybourn v. Wrape, 72 Colo. 339, 211 P. 367 (1922). Those formalities were not executed by the School District here, so no ratification occurred.

The facts here are completely inapposite to those in School District No. 25 v. Stone, 14 Colo.App. 211, 59 P. 885 (1900).

I would reverse the ruling of the trial court and hold that Holdridge was not an employee of the School District and, therefore, was not entitled to a hearing under the statute.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).