## No. 12,052.

PUBLIC UTILITIES COMMISSION, ET AL. v. PEOPLE EX REL. HAMROCK.

Decided April 9, 1928.

Action in mandamus. Judgment for relator.

### *Affirmed.*

1. UTILITIES COMMISSION—*Motor Vehicle Inspectors.* The power of the utilities commission to appoint motor vehicle inspectors under § 15, c. 134, S. L. '27, is not judicial, but administrative, and its only discretion is whether or not it will make any appointment.

2.   CIVIL SERVICE—*Motor Vehicle Inspectors—Appointment.* Action of the public utilities commission in appointing as motor vehicle inspector the second person on the eligible list furnished by the civil service commission instead of the first, held arbitrary, illegal, and an abuse of discretion.

3.   MANDAMUS—*Civil Service—Appointments.* Mandamus is the proper remedy to compel the utilities commission to observe the mandatory provisions of the civil service law in making appointments; quo warranto does not lie.

4.   CIVIL SERVICE—*Appointments—Salary.* Where the second person on an eligible list furnished by the civil service commission was appointed motor vehicle inspector by the utilities commission instead of the first, the civil service commission could not rightfully consent to his appointment nor approve his salary warrant until the first on the list had been appointed as the first in rank of the two employes.

5.   *Appointments.* Under the civil service law, an appointing board has no discretion in making appointments from an eligible list furnished by the civil service commission. When certification is made and the appointing power notified thereof, the law steps in and declares that the first person on the list shall be named as the first appointee.

*Error to the District Court of the City and County of Denver, Hon. Frank McDonough, Sr., Judge.*

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, for plaintiffs in error.

Mr. GEORGE A. CROWDER, Mr. DE S. DELAPPE, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE relator Hamrock sued out an alternative writ of mandamus to compel the State Public Utilities Commission, the respondent, and its three members, to make and enter an order recognizing relator as the person

most fit, and of the highest excellence, upon the list of persons eligible for appointment as inspector under the respondent and entitled to be first appointed to such position and employment and to certify Hamrock's name to the state auditor and to the Civil Service Commission as the incumbent of such office and employment and entitled to the pay and emoluments thereof. One of the three members of the Commission, Jones, filed an answer expressing his willingness to comply with the mandate, but that as he was in the minority, and the other two members, Bock and Allen, would not consent, it was impossible for him to comply with the writ. The other two, Bock and Allen, members of the Utilities Commission, filed a general demurrer to the alternative writ, which was overruled.

The respondent Commission thereupon, inasmuch as the parties were in accord that at least some evidence should be taken before the court was authorized to make permanent the alternative writ, entered into a stipulation with the relator as to the facts upon which the court's judgment might be based. This stipulation recites, in substance, that the Twenty-sixth General Assembly in section 15 of the Motor Vehicle Act, chap. 134, page 507, S. L. 1927, empowered the Public Utilities Commission to appoint and employ, subject to its discretion, such clerks and inspectors as the proper and economical administration of the provisions of the act required. That at the same session the General Assembly appropriated a salary of $1,800 a year for two inspectors. Proceeding under the authority of this legislation and conformnig to the provisions of the Civil Service regulations, the Public Utilities Commission on September 7, 1927, requested of the Civil Service Commission authority to make an appointment of two provisional inspectors to fill the positions provided for by the General Assembly. The request was complied with and the Utilities Commission was authorized to make two provisional appointments, which it did, and these

appointees served until October 15. Prior thereto the Civil Service Commission had scheduled an examination under its rules to establish a list of eligible persons for these positions and the result of the examination, which was held September 16, was that an eligible list was established on the 5th of October with the name of the relator J. R. Hamrock standing first, as the person most fit and of the highest excellence upon said list, and the name of Thomas Dillon standing second, as the person of the second highest excellence upon the eligible list, and the Civil Service Commission notified the respondent Commission thereof on October 10. In reply to this notice the Public Utilities Commission gave the Civil Service Commission written notice of its refusal to recognize the certification of the relator Hamrock and that Dillon had been accepted and assigned to duty effective October 16; that the relator Hamrock, armed with such certification as the first on the eligible list presented himself to the respondent Commission at its office and proffered his services as such inspector and demanded that he be permitted to serve. The relator was then informed that a majority of the Utilities Commission, as hereinabove indicated, had decided not to recognize relator's certification and refused to permit him to enter upon the duties of the employment. Thereafter, and at many different times, the relator presented himself at the office of the Utilities Commission and made further and repeated demands that he be permitted to serve as inspector and be recognized as such by the respondents but the Utilities Commission refused to recognize him and would not allow him to enter upon his duties.

The court thereupon, proceeding to dispose of the case upon this stipulation of facts, made permanent the alternative writ of mandamus which, as indicated above, required the respondent Commission to recognize such certification and to comply with the other directions. The respondent Commission has sued out a writ of error for the review of the judgment and relies for reversal

upon the three following grounds: (1) The judgment has compelled the exercise by the respondent Utilities Commission of a power discretionary with it, namely, the appointment of relator Hamrock to the position of inspector, which position the Utilities Commission has the discretion to leave vacant. (2) The judgment, in substance, was a trial of the title to the office of inspector, and has conferred the office upon relator without regard to the rights of the actual incumbent Dillon, who is not a party to the action. (3) A plain, speedy and adequate remedy exists in the ordinary course of the law in quo warranto by relator Hamrock against the incumbent Dillon, which involves the only office of inspector filled by the Utilities Commission. For each and all of the three reasons the respondent Commission says mandamus does not lie and the judgment is wrong. We think the judgment of the district court is right.

1. It will be observed, from the statement of facts and from the statute, that the Utilities Commission was empowered to employ inspectors, "subject to its discretion." The power of appointment conferred by the General Assembly upon the Utilities Commission is not a judicial power. Speaking generally, such power is administrative in its character, whether the power is vested in an officer or board of the judicial, legislative or executive department. The discretion which the Utilities Commission has, and the only discretion conferred by the statute, is as to whether or not it will make any appointment. When it has exercised its discretion, by making an appointment, the only discretion that it had was exhausted, and the appointment must be made in conformity with the plain provision of the law. There has been no indication, so far as this record discloses, that the Utilities Commission has changed its mind or purpose concerning appointment, or that it desires to leave these two positions vacant. On the contrary, the fact that it made an appointment of the second, instead of the first, person on the eligible list, of itself, tends

to show that the discretion of the Commission is at an end. Respondents' counsel, however, say that this discretion is a continuing one and that the Commission may, as it has done here, change its mind about the appointments, and that such change of purpose on its part has been manifested by its refusal to recognize Hamrock as first on the eligible list, and by its appointment of the second eligible person to one of these offices or places. The action of the respondents, even if there is any element of discretion involved, was purely arbitrary, illegal, and an abuse of discretion, and contrary to the express provision of the Civil Service amendment and the statute and the rules of the Civil Service Commission. It is true that the power of appointment, under this section of the statute, is vested in the Utilities Commission subject to its discretion, but the applicable law is that appointments of this character, whenever made, must be made in accordance with the rank of those on the eligible list; that is, the first and highest eligible one is to be first appointed before any others can be. To hold otherwise would be virtually to destroy the entire Civil Service system as it exists in this state.

Mandamus is the proper remedy to compel the Utilities Commission to observe the mandatory provisions of the civil service law. Quo warranto, it is true, is the ordinary remedy to try title to a public office. But this proceeding is not for the purpose of trying the title to a public office. The Utilities Commission exercised its discretionary power in the matter of appointment and determined to fill two places, or employ two persons as inspectors. Its duty was, if it decided to make only one appointment, to select the relator. Mandamus, therefore, was the proper remedy.

The relator does not question the right of Dillon as an appointee of the Utilities Commission. What he demands in this case is that the Utilities Commission recognize him as the first, or higher, in rank, of the two ap-

pointees which it concluded to make. Dillon is not a party to this action. His rights are not involved and what they are is not here determined. Under the statute and rules of the Commission Dillon cannot get his warrant from the state auditor without the approval of the Civil Service Commission, but ever since his appointment and, so far as we know, at the present time is still working for the Utilities Commission as an inspector. The Civil Service Commission, however, may not rightfully consent to his appointment, or approve a warrant for his salary, until the relator, as first on the eligible list and first in excellence, had been certified and recognized by the Utilities Commission as the first in rank of the two employees. No argument is necessary to establish the proposition, as to the mandatory duty of the Utilities Commission to comply with the demands made upon it by the relator Hamrock to place him as the senior, or first in rank, of the appointees as inspectors which the Utilities Commission might make. Dillon is not an incumbent, actual or otherwise, of the senior or first place. The relator Hamrock is entitled to such appointment. The argument of counsel for respondents, even if it be specious, is not sound. The Utilities Commission had no authority, or right, or discretion to refuse the certification of the relator; and had no right, if it chose to make any appointment, to pass over the relator and select as inspector some other person of inferior rank. When the certification by the Civil Service Commission was made, and the Utilities Commission was notified thereof, the law itself stepped in and declared that relator, as first on the eligible list, was entitled to be named as the first appointee.

The judgment of the district court is right and it is affirmed.

MR. CHIEF JUSTICE DENISON.

If the inspectorship were an office I doubt whether the proceeding should not be quo warranto, but, believing

the inspector to be a mere employee I think mandamus the proper proceeding and hence concur.

MR. JUSTICE WALKER concurs in the result upon the questions presented by plaintiffs in error.