No. 22504.

RICHARD B. GAVEND, ET AL *v.* THE CITY OF THORNTON,
ET AL.
(437 P.2d 778)

Decided March 4, 1968.

STANLEY B. BENDER and S. MORRIS LUBOW, for plaintiffs in error.

184

ORREL A. DANIEL, City Attorney, LEONARD H. McCAIN, Assistant, EDWARD A. BROWN, Assistant, for defendant in error City of Thornton.

FUGATE and MITCHEM, for defendant in error Heftler Construction Company.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

IN September 1964, the Thornton City Council passed an ordinance purporting to annex certain property in Adams County, adjacent to the City of Thornton. Included in the annexed property were two parcels owned by School District No. 12 of Adams County. Plaintiffs in error, as property owners in the school district and in the annexed territory, filed a complaint as aggrieved persons under C.R.S. 1963, 139-10-6, attacking the annexation on several grounds. In addition to the city, the complaint named as defendants the Thornton City Council and city clerk, the members of the school board, the superintendent of schools, and others. The school district and Heftler Construction Company were later added as defendants.

The trial court, on defendants' motion, dismissed the complaint and sustained the annexation, but later granted a rehearing on three issues, including the validity of the school board's purported consent to the annexation. Motions for summary judgment were filed by both plaintiffs and defendants. The trial court granted summary judgment in favor of the defendants, and plaintiffs sued out this writ of error.

Plaintiffs asked for summary judgment on the sole ground that school property was included in the area annexed without the written consent of the board of education of School District No. 12, as required by

C.R.S. 1963, 139-10-1. We hold that the trial court should have granted plaintiffs' motion on the ground asserted.

The pleadings and affidavits of the parties reveal no dispute as to the facts. The complaint alleges that the superintendent of schools signed the petition for annexation, purporting to act on behalf of the school board. This was the only consent to the annexation of school property which was before the city council on September 14, 1964, when the annexation ordinance was finally passed. The complaint herein was filed October 8, 1964. Thereafter, the school board, at its regular meeting November 16, 1964, adopted a resolution consenting to the annexation of its property and ratifying the action of the superintendent in signing the annexation petition. We hold that this procedure does not satisfy the express requirement of C.R.S. 1963, 139-10-1, that the written consent of the school board be obtained *before any territory which includes school property* can be annexed.

C.R.S. 1963, 139-10-1, provides:

"Territory in the state of Colorado may be annexed to a city, city and county, or incorporated town, providing the territory is eligible therefor, as set out in section 139-10-2, provided the procedure set out in sections 139-10-3 and 139-10-4 shall have been complied with *and provided that in no case of annexation,* not heretofore approved by ordinance in accordance with the procedures set out in this article, *shall any real property owned by any school district be incorporated within any territory annexed without the written consent of the board of education of such school district, unless the entire school district be included within the territory so annexed.*" (Emphasis added.)

The statutory language is clear and explicit and requires no "interpretation or construction beyond giving effect to the common and accepted meaning of the words employed . . ." *City of Montrose v. Niles,* 124 Colo. 535, 542, 238 P.2d 875, 878. In view of this,

we cannot accept defendants' contention that plaintiffs have no standing to question the sufficiency of the school board's consent. Under C.R.S. 1963, 139-10-6, any person aggrieved by an annexation is entitled to have a court determine whether the annexation proceedings were in conformity with statutory requirements. *City of Englewood v. Daily*, 158 Colo. 356, 407 P.2d 325; *City of Littleton v. Wagenblast*, 139 Colo. 346, 338 P.2d 1025. Plaintiffs, as residents and property owners in the annexed area and in the school district, are aggrieved persons and have standing to secure judicial review of these annexation proceedings under C.R.S. 1963, 139-10-6.

■ Defendants further contend that the procedure followed here constituted "substantial compliance" with the statutory requirement of written consent by the school board. They argue that since the annexation here would not affect the ownership of the school property or change the boundaries of the school district, the giving of consent by the school board was at most a ministerial act, which the superintendent could properly perform in behalf of the board. But C.R.S. 1963, 139-10-1, which is quoted above in its entirety, draws no such distinctions. It explicitly requires, in *all* cases of annexation involving school property, "the written consent of *the board of education*" of the school district involved. Faced with the clear mandate of the statute, we are not at liberty to hold that, in some cases, the giving of the required consent is but a ministerial act, not requiring formal action by the board. *Cf. Big Sandy School District v. Carroll*, 164 Colo. 173, 433 P.2d 325.

■ Under C.R.S. 1963, 123-10-18, a school board can act only at public meetings and on roll call vote. The act of the superintendent of schools in signing the annexation petition without prior formal authorization by the school board was not an act of the board, and could not satisfy the requirement of C.R.S. 1963, 139-10-1, that the "written consent of the board of education" be obtained.

 Finally, defendants argue that even if the act of the superintendent was not sufficient compliance with the statute, the deficiency was cured when the school board adopted its resolution of November 15, 1964, purporting to ratify the superintendent's "consent." We do not agree. C.R.S. 1963, 139-10-1, clearly provides that territory which includes school property may be annexed to a city only if the school board involved has consented in writing to the annexation. On September 14, the date of final passage of the annexation ordinance here, and on September 19, the effective date thereof, no valid written consent of the board of education had been obtained. The ordinance, therefore, was invalid when passed. No action taken by the board of education thereafter could, in and of itself, breathe life into this dead ordinance.

Since we have determined that the trial court should have granted plaintiffs' motion on the ground asserted, it is unnecessary to consider the other matters assigned as error.

The judgment of the trial court is reversed, and the cause remanded with directions to the trial court to enter summary judgment in favor of the plaintiffs, declaring the annexation proceedings herein null and void.