## No. 25271.

MARY ELAINE KIRK, ELIZABETH OSWALD ALLEN, AND MAR-
GARET J. HOERL *v.* WILLIAM A. DOUGLAS, ROBERT J. HEF-
LING, AND DANIEL C. HALE, FOR THE UNIVERSITY OF COLO-
RADO COMMITTEE ON TUITION CLASSIFICATION.

(489 P.2d 201)

Decided October 4, 1971.

FRANK N. DUBOFSKY, for plaintiffs-appellees.

DUKE W. DUNBAR, Attorney General, JOHN P. HOLLO-WAY, Assistant, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THE parties are aligned in the same order as in trial court. The action was originally brought by student wives Mary Elaine Kirk, Elizabeth Oswald Allen, and Margaret J. Hoerl to direct defendants William A. Douglas, Robert J. Hefling and Daniel C. Hale, members of the University of Colorado Committee on Tuition Classification, to classify them as "in-state students" for tuition purposes at the University of Colorado. The case as to student wife Kirk became moot before trial and was therefore dismissed as to her. The members of the University of Colorado Committee on Tuition Classification, who are appealing from the trial court's decision, will hereinafter be referred to as appellants. Student wives Allen and Hoerl will be referred to by name or as appellees.

The facts are not in dispute. Mrs. Allen's husband moved to Colorado in September of 1968 and Mrs. Hoerl's husband moved here in August of 1969. After residing in Colorado for less than a year, the two husbands then enrolled at the University of Colorado. They were classified as out-of-state students by appellants because C.R.S. 1963, 124-18-2(2) defined "in-state student" to mean: ". . . a student who has been domiciled in Colorado for one year or more immediately preceding registration at any institution of higher learning in Colorado for any term or session for which domiciliary classification is claimed, provided, that attendance at an institution of

higher learning within the state of Colorado shall not alone be sufficient to qualify for domicile in Colorado." Appellees' husbands were full-time students at the University of Colorado at the time of the initiation of this lawsuit in September of 1970. Both husbands are currently residents of Colorado, both have been in Colorado more than a year prior to the initiation of this action, and both intend to make Colorado their home. Both have therefore established a Colorado domicile. This domicile has not been recognized for tuition purposes, however, because appellees' husbands failed to remain out of school for a year.

Appellees Allen and Hoerl arrived in Colorado with their husbands in September 1968 and August 1969, respectively. Both wives began work after their arrival here and remained employed in Colorado until they enrolled at the University of Colorado in the fall of 1970. Both wives have paid state income taxes in Colorado, have obtained Colorado drivers' licenses and have registered to vote in Colorado. Had these women been single, they would, under our statutes, be entitled to in-state tuition. At the time of their enrollment, appellees were classified as out-of-state students for tuition purposes by appellants because C.R.S. 1963, 124-18-3(1) (a)(c) states that:

"Unless the contrary appears to the satisfaction of the registering authority of the institution at which a student is registering, it shall be presumed that . . . the domicile of a married woman is normally that of her husband." Appellees were presumed to take the same domicile as their husbands, and as appellees' husbands had been classified as out-of-state students for tuition purposes, appellees Allen and Hoerl were likewise classified as being domiciled out-of-state.

In September of 1970, after being denied their request for in-state tuition, appellees sought an order of the district court directing appellants to classify them as in-state students for tuition purposes for Fall Semester

1970 and Spring Semester 1971. Appellees also sought relief in the form of a declaration that certain sections of the Colorado tuition classification law, Article 18, Chapter 124, C.R.S. 1963, were unconstitutional. Both parties filed motions for summary judgment and the trial court concluded as a matter of law that student wives Allen and Hoerl were entitled to classification as in-state students and ordered the University to so classify them. The trial court did not decide the issue of the statute's constitutionality because it determined it was unnecessary to reach that issue in view of its ruling.

Both appellants and appellees urge this Court to consider several issues in this appeal. One issue that has been raised is whether certain sections of Article 18, Chapter 124, C.R.S. 1963 are unconstitutional. It is the general rule and practice in Colorado not to pass upon the constitutionality of a statute unless it is essential to the disposition of the pending case. *Times-Call Pub. Co. v. Wingfield,* 159 Colo. 172, 410 P.2d 511; *Kelley v. South Jeffco Metropolitan Recreation and Park Dist.,* 155 Colo. 469, 395 P.2d 210. We believe that the matter before us can be fairly and justly determined without consideration of the validity of the tuition classification law and therefore we need not address ourselves to its constitutionality.

The sole issue for determination in this case is whether a married woman is entitled to be classified "in-state" for tuition purposes when she (1) has a Colorado domicile, (2) has not been a student at an institution of higher learning in Colorado for one year immediately preceding her registration, and (3) is married to a husband who has established a Colorado domicile for all purposes except for tuition purposes because of his failure to remain out of school for a year. Appellants argue that appellees Allen and Hoerl should be classified as out-of-state students because they are married to husbands who have been classified as out-of-state students for tuition purposes and because C.R.S. 1963, 124-18-3(1)(a)(c) requires the University to pre-

sume that the domicile of a married woman is that of her husband. We disagree, and affirm the trial court judgment.

C.R.S. 1963, 124-18-2(3), dealing with tuition classification, specifically provides that:

"The word 'domicile' shall denote a person's true, fixed, and permanent home and place of habitation. It is the place where he intends to remain, and to which he expects to return when he leaves without intending to establish a new domicile elsewhere."

It is uncontested that both appellees and their husbands fall within this definition and therefore both have a Colorado domicile. We then turn to C.R.S. 1963, 124-18-3(1)(a)(c) of the tuition classification law. C.R.S. 1963, 124-18-3(1)(a)(c) states that "... it shall be presumed that ... the domicile of a married woman is normally that of her husband." Since it is agreed by both parties that appellees' husbands have established a Colorado domicile as defined in C.R.S. 1963, 124-18-2(3), although not a tuition domicile, and since C.R.S. 1963, 124-18-3(1)(a)(c) requires appellants to presume that the domicile of a married woman is that of her husband, it follows that there is a presumption that appellees Allen and Hoerl have a Colorado domicile. No evidence was introduced to rebut that presumption.

Appellants would have us interpret "the domicile of a married woman is normally that of her husband" to mean "the domicile of a married woman is normally that domicile which her husband has been classified as having for tuition purposes." That is, however, not the language of the statute. As we have pointed out, "domicile" is defined in the pertinent statute itself, and we cannot extend that definition to achieve the result appellants seek.

The judgment is affirmed.