533 P.2d 521 (1975)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, State of Colorado, a body politic and corporate, et al., Petitioners-Plaintiffs-Appellees,
v.
The CITY AND COUNTY OF DENVER, State of Colorado, a municipal corporation, et al., Respondents-Defendants-Appellants.
No. 73-425.
Colorado Court of Appeals, Div. III.
February 4, 1975.
Rehearing Denied February 25, 1975.
Certiorari Granted April 14, 1975.
*522 Patrick R. Mahan, County Atty., Richard J. Scheurer, Asst. County Atty., Golden, George J. Robinson, Lakewood, for petitioners-plaintiffs-appellees.
Max P. Zall, City Atty., Herman J. Atencio, Asst. City Atty., David J. Hahn, Denver, for respondents-defendants-appellants.
Selected for Official Publication.
RULAND, Judge.
Defendant City and County of Denver appeals from a judgment declaring invalid its annexation of approximately 90 acres of undeveloped land located in Jefferson County, Colorado. We affirm the judgment.
On or about February 22, 1973, a petition for annexation was filed with the City, purportedly signed by all of the owners of the land to be annexed. A resolution of the Denver School Board was filed relative to the proposed annexation which stated, inter alia:
"WHEREAS, the Denver Planning Board has agreed that the site shall be zoned R-2; and
"WHEREAS, based on the terms of such agreement and on other factors involved, this Board believes that such proposed annexation should be approved;
"NOW THEREFORE, BE IT RESOLVED, by the Board of Education... that the proposed annexation hereinabove described be, and it hereby is approved...." (emphasis added)
On March 19, 1973, the City Council adopted a resolution accepting and approving the petition. Then on April 9, 1973, the Council adopted ordinance no. 198 which annexed the subject property "unconditionally."
Plaintiffs initiated the present action on May 18, 1973, to set aside the annexation ordinance contending that the City had failed to comply with the Municipal Annexation Act of 1965, § 31-8-101 et seq., C.R.S.1973 (1965 Perm.Supp., C.R.S.1963, 139-21-1 et seq.). Following a trial to the court, the court entered findings of fact and conclusions of law determining that the annexation was invalid for the reason, inter alia, that the School Board had imposed certain conditions in granting its consent.
Section 31-8-105(1)(d), C.R.S.1973 (1967 Perm.Supp., C.R.S.1963, 139-21-4(5)) provides:
"As to any annexation which will result in the detachment of territory from any school district and attach the same to another school district, no annexation resolution pursuant to section 31-8-106 or annexation petition or petition for an annexation election pursuant to section 31-8-107 is valid unless accompanied by a resolution of the board of directors of the school district to which such territory will be attached approving such annexation." (emphasis added)
Absent the written consent of the board of education, the annexation is void. Gavend v. City of Thornton, 165 Colo. 182, 437 P.2d 778. The issue then is whether the resolution of the School Board constitutes an approval of the annexation.
The City first contends that the resolution does not impose any conditions because the recital relative to zoning is not repeated in the concluding paragraph of the resolution. We disagree. The resolution *523 read in its entirety establishes that the approval is predicated upon an agreement to zone the annexed property R-2.
The City contends in the alternative that the condition imposed by the resolution is invalid because only the City has the authority to impose conditions in conjunction with any annexation. While we agree that the City is the only entity authorized to impose conditions upon the annexation, see Breternitz v. Arvada, 174 Colo. 56, 482 P.2d 955, by the same reasoning we hold that the School Board has, in effect, not approved the annexation.
The legislative purpose in requiring consent of the School Board in any annexation was obviously to provide the Board with an opportunity to defeat the annexation if the new territory could not be properly serviced by existing schools and budget or by additional revenues to be generated from the annexed territory. Here the School Board determined that it could service the annexed area if a certain zoning classification were established which would presumably dictate within some limits the number of students residing in the annexed territory when it was completely developed. However, since the power to determine zoning is reserved to the City, the School Board must either approve the annexation on the basis that the annexed territory will be zoned as the City determines best, or withhold its consent. The School Board having conditioned its approval on a particular zoning classification, that approval is ineffective, and the City exceeded its jurisdiction in annexing the subject property. See Gavend v. City of Thornton, supra.
By reason of our affirmance on this issue, we need not discuss the other grounds upon which the trial court determined that the annexation was invalid.
Judgment affirmed.
COYTE and SMITH, JJ., concur.