MR. JUSTICE DAY
delivered the opinion of the Court.
This is an appeal from a district court determination that a Denver ordinance[1] annexing certain unincorporated lands to the City and County of Denver (Denver) is null and void. We affirm.
The ordinance in question attempted the annexation of a parcel of land consisting of a “flag and pole” configuration situated within Jefferson County. The only part of the annexed area which is contiguous with Denver (appellant herein) is a portion of the “pole” which consists of a street dedicated to and maintained by Jefferson County. The “flag,” which is not contiguous with Denver, is the only part of the intended annexed territory which is owned by the city.
Denver sought to effect the annexation pursuant to 1965 Perm. Supp., C.R.S. 1963, 139-21 -5(3)[2] which provides:
“Annexation of unincorporated city owned land. When the municipality is the sole owner of the territory that it desires to annex, which land is eligible for annexation as set out in sections 139-21-3(2) and 139-21-4, the city council may by ordinance annex territory to the municipality without notice and hearing as provided in sections 139-21-7 and 139-21-8. The annexing ordinance shall state that the property proposed to be annexed is owned by the annexing municipality, and is not solely a public street or right-of-way.” (Emphasis added.)
Subsequent to the enactment of the ordinance, the Jefferson County commissioners (appellees herein) petitioned the district court for review by writ of certiorari. The court held that the ordinance was null and void on the ground that a portion of the annexed land was not solely owned by the annexing municipality and that therefore the Denver City Council had exceeded its jurisdiction in effecting the annexation pursuant to the above-cited subsection. We agree.
Denver cites the following provision in subsection 139-21 -3(2)[3] in support of its contention that the annexed land, in effect, was solely owned by the city.
“Eligibility for Annexation. ... (2) That not less than one-sixth of the perimeter of the area proposed to be annexed is contiguous with the annexing municipality. Contiguity will not be affected by the existence of a platted street or alley, a public or private right-of-way, or a public or private transportation right-of-way or area, or a lake, reservoir, stream, or other natural or artificial waterway between the annexing municipality and *10 the land to be annexed.” (Emphasis added.)
Denver’s position is that because contiguity is not affected by the existence of a street the determination of sole ownership is likewise not affected by a street owned by an entity other that the annexing authority. In effect, Denver seeks to include and use the Jefferson County street as the “pole” in order to meet the subsection 139-21-3(2) contiguity requirement, but to ignore the Jefferson County ownership of the street for purposes of meeting the subsection 139-21-5(3) sole ownership requirement. Such an interpretation of the statute is both unreasonable and inconsistent — and one which we decline to adopt. See Denver v. Holmes, 156 Colo. 586, 400 P.2d 901 (1965).
Moreover, it is apparent that the part of the street (pole) which is contiguous to Denver does not lie “between the annexing municipality and the land to be annexed.” Subsection 139-21-3(2). Instead it extends at a perpendicular angle to the “flag” that is being annexed. The “flag” is wholly in Jefferson County and not contiguous to Denver. The entire second sentence of this subsection relating to the status of a street between the municipality and the territory to be annexed has no application to this case.
Denver also cites Denver v. Holmes, supra, in support of its position that streets are not to be included in determining the status of the area to be annexed. That case, however, was decided prior to the enactment of the present annexation statute.[4] It dealt with an entirely different issue — whether streets were to be included or excluded in determining if an annexation petition was signed by the owners of more than fifty percent of the territory to be annexed.
Unlike the statute under which Holmes was decided the present act specifically provides for the exclusion of streets in calculating the area to be annexed under the petition and election process. Subsection 139-21-6(l)(b).[5] Subsection 139-21-6(1 )(h),[6] moreover, contains a similar exclusion for ascertaining whether “owners of one hundred per cent of the property proposed to be annexed” have signed an annexation petition, thereby permitting a bypass of the notice and hearing requirements of the statute.
In our view it is significant that subsection 139-21-5(3) does not exclude streets from the determination of whether the territory to be annexed is solely owned by the annexing municipality. We agree with the trial court’s view that if the legislature had intended that streets be excluded from the definition of sole ownership that it would have provided an exception to that effect.
*11 In conclusion we hold that since Denver sought to annex territory only a portion of which was owned by it the procedures set forth in subsection 139-21-5(3) could not be used. The annexation ordinance is consequently null and void. Gavend v. City of Thornton, 165 Colo. 182, 437 P.2d 778 (1968).
In view of this determination it is unnecessary to discuss other matters assigned as error.
The judgment is affirmed.

 Denver City Council Ordinance No. 74, Series 1973.

 Now section 31-8-106(3), C.R.S. (1973).

 Now section 31-8-104( 1 )(a), C.R.S. 1973.

 The Municipal Annexation Act of 1965, 1965 Perm. Supp., C.R.S. 1963, 139-21-1 et seq.; now sections 31-8-101 et seq.,C.R.S. 1973.

 Now subsection 31-8-107(1)(a), C.R.S. 1973.

 Now subsection 31 -8-107(1 )(g), C.R.S. 1973.