MR. JUSTICE DAY
delivered the opinion of the Court.
We granted certiorari to review a judgment of the Colorado court of appeals in Board of County Commissioners v. Denver, 35 Colo. App. 295, 533 P.2d 521 (1975). We reverse and remand to the court of appeals.
In February 1973 a group of landowners submitted to the city and county of Denver[1] (Denver) a petition for annexation of approximately ninety acres of unincorporated territory within Jefferson county (the county), respondent herein. The petition was signed by all of those owning the property to be annexed, except for the roads and highways (owned by Denver). Thereafter an ordinance was enacted by the Denver city council effecting annexation of the subject property.
The county instituted this action in district court challenging the annexation. The district court ruled the annexation void by reason of various procedural deficiencies including, inter alia, the ineffectiveness of the statutorily required school board approval. The court of appeals affirmed the district court solely on that ground.
1967 Perm. Supp., C.R.S. 1963, 139-21-4(5)[2] provides:
“As to any annexation which will result in the detachment of territory from any school district and attach the same to another school district, no annexation resolution pursuant to section 139-21-5, or annexation petition *106 or petition for an annexation election pursuant to section 139-21-6, shall be valid unless accompanied by a resolution of the board of directors of the school district to which such territory will be attached, approving such annexation.”
The Denver school board resolution, in pertinent part, states:
“WHEREAS, this Board has considered the matter of such proposed annexation and believes that it is necessary that certain land for a school site be acquired within the area if it is annexed, which site should have R-2 zoning; and
“WHEREAS, the developer has agreed to donate to the District a school site of 5 acres, as set forth in an agreement which has been executed by developer, and a copy of which is appended hereto as attachment B; and “WHEREAS, the Denver Planning Board has agreed that the site shall be zoned R-2; and
“WHEREAS, based upon the terms of such agreement and on other factors involved, this Board believes that such proposed annexation should be approved;
“NOW THEREFORE, BE IT RESOLVED, by the Board of Education of School District No. 1 In The City And County Of Denver And State Of Colorado, that the proposed annexation hereinabove described be, and it hereby is, approved; . . . .” (Emphasis added.)
The court of appeals held that the resolution was ineffective on the theory that approval was conditional upon obtaining a particular zoning classification. We do not agree.
Rather than expressing conditions, the resolution’s “Whereas” clauses recite the factual circumstances as presented to the board. The “Resolved” clauses contain the board’s unqualified approval of the annexation.
The court of appeals’ opinion states that
“. . . the School Board determined that it could service the annexed area if a certain zoning classification were established which would presumably dictate within some limits the number of students residing in the annexed territory when it was completely developed. . . .”
We are unable to understand the basis for arriving at that conclusion in view of the fact that the school board’s concern with zoning is limited to the five-acre site for a proposed school building and not with zoning for the remaining 85 acres to be annexed.
We would point out that Gavend v. City of Thornton, 165 Colo. 182, 437 P.2d 778 (1968), relied upon by the court of appeals, is distinguishable from the case before us. In Gavend the school board resolution was obtained after the annexation ordinance was enacted; in the case at bar the resolution was submitted prior to enactment of the ordinance.
The purpose of the Municipal Annexation Act (1965 Perm. *107 Supp., C.R.S. 1963, 139-21-1 et seq.[3]) is to encourage the natural and well-ordered development of municipalities of the state. 1965 Perm. Supp., C.R.S. 1963, 139-21-2.[4] The legislature has furthermore directed that the Act be construed liberally in order to implement its purposes. See Pomponio v. Westminster, 178 Colo. 80, 496 P.2d 999 (1972) and Aspen v. Howell, 170 Colo. 82, 459 P.2d 764 (1969). The determination of the court of appeals fails to comport both with the rationale of these cases and with the intent of the statute.
Accordingly, we reverse and remand the cause to the court of appeals for a determination of the other assertions of error which were raised but not decided before that court.

Both Denver and the landowners are petitioners herein; they were defendants and appellants below.

Section 31-8-105(l)(d), C.R.S. 1973; repealed and reenacted by Colo. Sess. Laws 1975, ch. 275, 31-12-105(1)(d) at 1079.

Sections 31-8-101, C.R.S. 1973 et seq. repealed and reenacted by Colo. Sess. Laws 1975, ch. 275, 31-12-101 et seq. at 1076.

Sectlon 31-8-102, C.R.S. 1973; repealed and reenacted by Colo. Sess. Laws 1975, ch. 275, 31-12-102 at 1076.