## No. 27565

**Arthur Friedman v. Motor Vehicle Division of the Department of Revenue, State of Colorado**

(571 P.2d 1086)

Decided November 7, 1977.

Bye & Gascoyne, John P. Gascoyne, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Arthur G. Staliwe, Special Assistant, General Legal Services Section, for defendants-appellees.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The appellant accumulated fourteen points against his driver's license in less than twelve consecutive months. The Motor Vehicle Division, acting pursuant to section 42-2-123, C.R.S. 1973, suspended the appellant's license for seven months and denied his request for a probationary license. On appeal from that administrative ruling, the district court dismissed the appellant's complaint. We reverse and remand.

The appellant's first contention is that the Motor Vehicle Division hearing officer abused his discretion in denying the appellant's request for a probationary license. Because the hearing officer made his decision without the guidance of any articulated standards in the form of rules or regulations, as required by *Elizondo v. State,* 194 Colo. 113, 570 P.2d 518, there is no basis upon which a reviewing court can determine whether or not the officer abused his discretion. Therefore, we must reverse the judgment of the district court and remand the cause for a new administrative hearing, pursuant to the requirements of *Elizondo v. State, supra.*

Secondly, the appellant asserts that section 42-2-123(1)(a), C.R.S. 1973 (1976 Supp.), denies him equal protection of the law. However, it is fundamental that a court does not decide constitutional issues unless their determination is essential to the disposition of the pending case. *Kirk v. Douglas,* 176 Colo. 104, 489 P.2d 201 (1971). Since we are remanding the case for a rehearing which may settle this dispute, we need not address the constitutional issue at this time.

Accordingly, the judgment of the trial court is reversed and the cause is returned to the district court with directions to remand to the Motor Vehicle Division for a rehearing.