MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This appeal challenges the decision of the district court which upheld the constitutionality of the Municipal Annexation Act of 1965 (hereinafter Annexation Act).[1] We affirm.
On June 6, 1973, the Board of County Commissioners of Jefferson County (hereinafter county commissioners), along with other named individuals, filed a complaint and petition for certiorari review and also sought a declaratory judgment relating to Denver Annexation Ordinance No. 189, Series 1973 (hereinafter ordinance). The ordinance effected the annexation of a portion of Jefferson County by the City and County of Denver and was based upon a petition signed by the owners of 100% of the property to be annexed. Section 31-8-107(l)(g), C.R.S. 1973.
After trial, the district court entered a judgment invalidating the ordinance on the basis of Denver’s failure to comply with the procedural *255 requirements of the Annexation Act. On appeal, the court of appeals affirmed. Board of County Comm’rs v. City and County of Denver, 35 Colo. App. 295, 533 P.2d 521 (1975). We reversed and remanded to the court of appeals. City and County of Denver v. Board of County Comm’rs, 191 Colo. 104, 550 P.2d 862 (1976).
Upon remand, the court of appeals reversed the original judgment and remanded to the district court for a determination of the constitutionality of the Annexation Act. The district court subsequently entered a judgment upholding the validity of the Annexation Act.
On appeal, the county commissioners contend that the Annexation Act is so replete with contradictions, inconsistencies, and irreconcilable conflicts that it is unconstitutionally vague and incapable of judicial interpretation without resort to judicial legislation.
I.
The county commissioners have standing to challenge the constitutionality of the Annexation Act. A county and its commissioners possess only such powers as are expressly conferred upon them by the constitution or statute and such incidental implied powers as are reasonably necessary to carry out such express powers. Board of County Comm’rs v. Love, 172 Colo. 121, 470 P.2d 861 (1970); People v. District Court, 127 Colo. 280, 255 P.2d 743 (1953). The county commissioners’ standing to challenge the constitutionality of the Annexation Act is derived from an express legislative grant authorizing the county commissioners to appeal annexation decisions. Section 31-8-116, C.R.S. 1973;[2] see Wimberly v. Ettenberg, 194 Colo. 163, 570 P.2d 535. This statutory provision permits the county commissioners to challenge the constitutionality of the Annexation Act under the circumstances of this case.
The county commissioners insist that we should also consider the constitutionality of other portions of the Annexation Act and the constitutionality of the Annexation Act as a whole on the basis that the constitutionality of the Annexation Act is publici juris. We disagree.
We have consistently and frequently construed and upheld the validity of the Annexation Act against the various attacks made upon it. Green Valley Ranch Venture Co. v. District Court, 186 Colo. 173, 526 P.2d 141 (1974); Breternitz v. Arvada, 174 Colo. 56, 482 P.2d 955 (1971). Although the provisions of the Annexation Act are not examples *256 of clarity in legislative drafting, the Annexation Act has been used for twelve years to effect countless annexations. No overwhelming question of public interest and importance exists in this case to permit us to disregard the established rule that the constitutionality of a statute will not be passed upon unless it is essential for the determination of the pending case. See Weissman v. Board of Education of Jefferson County School District No. R-1, 190 Colo. 414, 547 P.2d 1267 (1976); Kirk v. Douglas, 176 Colo. 104, 489 P.2d 201 (1971).
II.
The challenge of the county commissioners focuses upon section 31-8-107(l)(g), C.R.S. 1973, which provides:
“(g) If the petition is found to be in substantial compliance with this subsection (1), the procedure outlined in sections 31-8-108 to 31-8-110 shall then be followed. If it is not in substantial compliance, no further action shall be taken; except that the city council shall make such determination by a resolution; and except that when the petition is signed by the owners of one hundred percent of the property proposed to be annexed, exclusive of streets and alleys, the city council may by ordinance annex such territory to the municipality without notice or hearing, as provided in sections 31-8-108 and 31-8-109, and without election, as provided in section 31-8-112, unless additional terms and conditions are to be imposed. The ordinance annexing such territory shall include a statement that the owners of one hundred percent of the property have petitioned for such annexation.”[3] The county commissioners’ argument is that:
“[T]he provisions of 31-8-107(1 )(g) purport to dispense with notice under 31-8-108 and hearing under 31-8-109. This cannot be so because 31-8-104 commands a hearing under 31-8-109, sections 31-8-110 and 31-8-111 mandate a hearing to determine compliance with 31-8-104 and 31-8-105, and hearings cannot occur without notice prescribed by 31-8-108.” (All sections C.R.S. 1973.)
The conclusion is reached by the county commissioners that these inconsistent sections cause any endeavor to judicially interpret the Annexation Act to result injudicial legislation.
“A statute is presumed to be constitutional, and to be declared unconstitutional must be shown clearly to be so.” Breternitz v. Arvada, supra; see Love v. Bell, 171 Colo. 27, 465 P.2d 118 (1970). The Annexation Act itself directs that we liberally construe its provisions to effect its purposes. Section 31-8-102, C.R.S. 1973; City and County of Denver v. Board of County Comm’rs, supra.
*257 The county commissioners are correct in their assertion that courts cannot construe vague legislation if the effect of the construction is judicial legislation. Colo. Const., Art. III; Littleton v. Wagenblast, 139 Colo. 346, 388 P.2d 1025 (1959); Sheely v. Sheely, 102 Colo. 194, 78 P.2d 378 (1939). But legislation rarely anticipates all the vagaries of a situation; unforeseen cases cause inconsistencies and ambiguities to arise even under the most carefully drawn statutes. Judicial construction and interpretation is often necessary. Only when legislation is “so vague, indefinite and uncertain that the courts are unable to determine, with reasonable certainty, what the legislature intended, or so incomplete and inconsistent in its provisions that it cannot be executed” will it be struck down as unconstitutionally vague. Sullivan v. Brawner, 237 Ky. 730, 36 S.W.2d 364 (1931).
Section 31 -8-107(1 )(g) employs the phrase “except that.” The question in this case is whether that phrase applies only to section 31-8-107, C.R.S. 1973, or to the entire statute. A rule of construction is set forth in 2A Sutherland, Statutes and Statutory Construction § 47.09 (4th Ed., C. Sands):
“47.09. — Sections to which applicable.
“It is the office of the proviso to restrict the general operation of the enacting part, i.e., other provisions, of an act. Because a proviso is attached to or appears in a particular section the old rule was that its effect was limited to that section, or to the sections which preceded it. This rule is seldom followed today. Courts have adopted the rule that the proviso will be applied according to the general legislative intent and will limit a single section or the entire act depending on what the legislature intended or what meaning is otherwise indicated. . . .”
See R. Dickerson, The Interpretation and Application of Statutes (1975). Furthermore, in determining the meaning of a particular word or phrase, the meaning of the entire statute, or the relevant portion thereof, should be considered. Breternitz v. Arvada, supra.
The general assembly clearly intended to distinguish between petitions for annexation signed by 100% of the owners of the land proposed for annexation, and petitions signed by a lesser number, by enacting section 31-8-107(l)(g), C.R.S. 1973. We, therefore, construe the legislative limitation to apply to the entire statute and not merely to section 31-8-107, C.R.S. 1973. The statutory dispensation of notice, hearing, and elections for 100% petitions supports this construction. This construction removes the inconsistencies suggested by the county commissioners. Notice and hearing are not required when 100% of the landowners sign the annexation petition.
The other allegations made by the county commissioners lack merit and need not be discussed.
*258 The Annexation Act has resulted in substantial controversies before this court. The frequency of litigation emphasizes that the Annexation Act was inartfully drafted — that inconsistencies and ambiguities abound. While the portions of the Annexation Act before us in this case are not such as to require the statute be struck as being unconstitutional, the inconsistencies discussed, as well as others, are a substantial burden on the courts. When courts must construe a statute as often as has been necessary with the Annexation Act, the general assembly would do well to reconsider and redraft the Act to eliminate and resolve apparent inconsistencies and ambiguities.
The judgment of the district court is affirmed.
MR. JUSTICE GROVES concurs in the result.

Sections 31-8-101, et seq., C.R.S. 1973; repealed and reenacted by Colo. Sess. Laws 1975, ch. 275, 31 -12-101, et seq., at 1076.

“31-8-116. Review. (1)(a) — If any landowner or any qualified elector In the territory proposed to be annexed or the board of county commissioners of any county from which territory is being removed by such annexation believes itself to be aggrieved by the acts of the city council of the annexing municipality in annexing said territory to said municipality, such acts or findings of the city council may be reviewed by certiorari in accordance with the Colorado rules of civil procedure. Such review proceedings shall be Instituted in any district court having jurisdiction of the county in which the annexed territory is located. In no event shall such a proceeding be instituted prior to the effective date of the annexing ordinance by the annexing municipality.”

The original statute'read “provided that,” instead of “except that.” 1965 Perm. Supp., C.R.S. 1963, 139-21-6(1 )(h).