John M. HEALEY, Jr., Earl T. Abercrombie, Dwight F. Messer, and Arthur C. Pollock, Plaintiffs-Appellees,

v.

The CITY AND COUNTY OF DENVER, Daniel P. Cronin, Manager of Safety for the City and County of Denver, and Myrle K. Wise, Chief of the Denver Fire Department, Defendants-Appellants,

and

The Civil Service Commission of the City and County of Denver, consisting of Ted Bach, Jesse Manzanares, and Oswald Abernethy, and the Fire Department of the City and County of Denver, Defendants.

No. 78–410.

Colorado Court of Appeals, Div. I.

Dec. 28, 1979.

Rehearing Denied Jan. 31, 1980.

Certiorari Denied May 19, 1980.

Geer & Goodwin, P. C., Edward O. Geery, Robert E. Goodwin, Denver, for plaintiffs-appellees.

Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Denver, for defendants-appellants.

KELLY, Judge.

The City and County of Denver, its Manager of Safety, and the Chief of the Fire Department, appeal the judgment of the trial court granting relief in the nature of mandamus to the plaintiffs, each of whom sought promotion to a position as assistant chief on the Denver Fire Department. The appellants contend, among other things, that the trial court erred in mandating the performance of a discretionary act. We agree, and therefore reverse.

The trial court found that on May 19, 1975, pursuant to the request of the Manager of Safety, the Denver Civil Service Commission conducted an examination for the position of assistant fire chief of the Denver Fire Department. The Commission certified an eligibility register with the names of eleven persons, including the four plaintiffs, who were ranked eighth through eleventh. By September 16, 1976, the first seven persons had been appointed assistant fire chiefs. No further appointments were made from that list.

the fire chief testified that he had determined that no new assistant chiefs were needed, and the appointing authority, the Manager of Safety, testified that he relied on the chief's judgment. The Manager of Safety also testified, however, that, based on the plaintiffs' evidence, he thought there was a need for additional fire chiefs. The trial court found that at least four additional fire chiefs were required to fulfill the

needs of the Fire Department. It further found that the Manager of Safety was aware of the need, but had not exercised his power of appointment because the Chief had not requested any additional assistant chiefs.

The court concluded that the failure of the Manager of Safety to exercise his power of appointment constituted a "gross abuse of discretion," ordered the fire chief to request four additional assistant chiefs from the Manager of Safety, and ordered the Manager of Safety to appoint the plaintiffs to these positions. The appellants argue that, based on these findings, mandamus was inappropriate. We agree.

The record shows that the appointing authority had made the determination that no need existed for the appointment of additional fire chiefs. Hence, the discretion of the appointing authority had already been exercised, and the decision whether to create the vacancies was his to make. *Ford v. Civil Service Commission*, 36 Colo.App. 55, 534 P.2d 829 (1975). It was not properly the function of the trial court to determine whether a need existed which would compel the creation of four assistant fire chief vancancies. *Cf. Public Utilities Commission v. People ex rel. Hamrock*, 83 Colo. 521, 267 P. 198 (1928). Consequently, mandamus will not lie.

In view of the conclusions we have reached, we need not address the other assignments of error.

The judgment is reversed and the cause is remanded with directions to enter an order dismissing the complaint.

COYTE and SILVERSTEIN, JJ., concur.