Frank CAROSELLI, Plaintiff-Appellant,

v.

The TOWN OF VAIL and the Town Council thereof, and Rayma J. Rose, Katherine A. Davis, and Russell A. Motta, as Commissioners of the Special Election to Annex West Vail, a/k/a West Vail Annexation Election Commissioners, Defendants-Appellees.

No. 84CA0737.

Colorado Court of Appeals, Div. I.

Aug. 15, 1985.

Hugh R. Warder, Glenwood Springs, for plaintiff-appellant.

Mehaffy, Rider, Windholz & Wilson, Lawrence C. Rider, Boulder, for defendants-appellees.

VAN CISE, Judge.

In 1980, the town of Vail passed an ordinance ostensibly annexing an area known as "West Vail" following an election in which the majority of those voting, both landowners and non-property owning residents of West Vail, voted in favor of annexation. Plaintiff, Frank Caroselli, a resident landowner in West Vail who had opposed annexation at all of the preliminary proceedings and at the election, filed this action as an aggrieved person under § 31–12–116, C.R.S. (1977 Repl. Vol. 12), attacking the annexation on several grounds. After a hearing, the trial court dismissed the complaint, holding the annexation "not invalid." Plaintiff appeals. We reverse.

Section 31–12–104(1), C.R.S. (1977 Repl. Vol. 12) provides in pertinent part:

"An area is eligible for annexation if the governing body, at a hearing as provided in section 31–12–109, finds and determines:

"(a) That not less than one-sixth of the perimeter of the area proposed to be annexed is contiguous with the annexing municipality...."

Section 31–12–105(1)(a), C.R.S. (1977 Repl. Vol. 12) states:

"[T]he following limitations shall apply to all annexations:

(a) In establishing the boundaries of any territory to be annexed, no land held in identical ownership, whether consisting of one tract or parcel of real estate or two or more contiguous tracts or parcels of real estate, shall be divided into separate parts or parcels without the written consent of the landowners thereof unless such tracts or parcels are separated by a dedicated street, road, or other public way."

The purportedly annexed property (West Vail) consists of two large areas connected by a smaller rectangular tract of some 300 feet by 1585 feet. The easterly area of West Vail is largely contiguous to the boundaries of Vail, the ratio of such contiguity to non-contiguity being 2 to 1. The westerly area is slightly contiguous to the boundaries of Vail, the ratio of contiguity to non-contiguity being on the order of 1 to 8. These two areas are not contiguous

at any point except that they are connected by the rectangular tract which is owned by the United States and is administered by the Bureau of Land Management (the BLM tract). The BLM tract is bordered on the west and north by a large area of federal land and partially on the east by Vail. It is not separated from the adjoining federal land by any kind of street, road, or public way.

 It is undisputed that, with the BLM tract included, not less than one-sixth of the perimeter of the entire purportedly annexed land is contiguous to Vail. Without it, the necessary contiguity is lacking. Also, it is not disputed that Vail did not obtain from the Bureau of Land Management or any agency of the United States any consent to the dividing of the BLM tract from the rest of the federal land. Therefore, the BLM tract was improperly included in the area proposed to be annexed and, without it, the purported annexation is invalid for lack of the necessary one-sixth contiguity.

■ The trial court, although admitting that on its face the purported annexation appears to violate the statute, held as a matter of law that plaintiff had no standing to object to the defect of lack of consent on the part of the United States. Plaintiff contends this ruling was erroneous. We agree.

Under § 31–12–116, C.R.S. (1977 Repl. Vol. 12), "[i]f any landowner or any qualified elector in the area proposed to be annexed ... believes itself to be aggrieved by the acts of the governing body of the annexing municipality in annexing said area to said municipality, such acts or findings of the governing body may be reviewed by certiorari in accordance with the Colorado rules of civil procedure." Plaintiff qualifies under the statute and, in the review, is entitled to have a court determine whether the annexation proceedings were in conformity with the statutory requirements. *Gavend v. City of Thornton,* 165 Colo. 182, 437 P.2d 778 (1968). This includes whether the United States consented to the division of its land. *See Gavend, supra.*

Since the findings of the town council with regard to the necessary contiguity and the division of land without consent set forth in its adoption resolution resulting in the election action were incorrect and not supported by the evidence, Vail, through its town council, exceeded its jurisdiction and abused its discretion in proceeding with the annexation. The annexation was and is invalid. *See Slack v. City of Colorado Springs,* 655 P.2d 376 (Colo.1982).

Since we have determined that the annexation was invalid, it is unnecessary to address plaintiff's other contentions for reversal.

The judgment is reversed and the cause is remanded with directions to enter judgment declaring the annexation proceedings null and void.

STERNBERG and BABCOCK, JJ., concur.