**PUEBLO WEST METROPOLITAN DISTRICT, a Colorado municipal corporation, Plaintiff-Appellant,**

v.

**SOUTHEASTERN COLORADO WATER CONSERVANCY DISTRICT, Its Board of Directors, and Raymond D. Nixon, Robert Northrup, Jon E. Javernick, Glenn Everett, Keith I. Webb, John Huebsch, Lee Simpson, Frank Milenski, Leon C. Hook, Ralph Adkins, Alferd Putnam, Pete Peters, Dr. Wendell Hutchinson, Kenneth Carter, and Alvin Spady, and their successors, in their official capacity as members of the said Board of Directors of the Southeastern Colorado Water Conservancy District, Defendants-Appellees.**

No. 84CA1027.

Colorado Court of Appeals, Div. III.

March 20, 1986.

Rehearing Denied May 1, 1986.

Certiorari Granted (Pueblo West) July 7, 1986.

Fairfield and Woods, Howard Holme, Kevin B. Pratt, Denver, for defendant-appellee Southeastern Colorado Water Conservancy Dist.

Hall & Evans, L. Richard Musat, Alan Epstein, Denver, for defendants-appellees Members of Board of Directors of the Southeastern Colorado Water Conservancy Dist.

Robert F.T. Krassa, P.C., Robert F.T. Krassa, Pueblo, for plaintiff-appellant.

KELLY, Judge.

Plaintiff, Pueblo West Metropolitan District (Pueblo West), appeals the summary judgment entered against it and in favor of defendants, the Southeastern Colorado Water Conservancy District and its board of directors (Southeastern). Pueblo West had sought a declaratory judgment interpreting the meaning and application of § 37–45–121 through § 37–45–125, C.R.S., concerning the levy and collection of taxes and special assessments by water conservancy districts, and also sought an order of the trial court pursuant to C.R.C.P. 106 compelling Southeastern to revise its tax structure accordingly. Pueblo West argues here that there exist factual issues precluding summary judgment and that the trial court's interpretation of the statutory scheme was in error. We affirm.

Pueblo West Metropolitan District, located entirely within the Southeastern Colorado Water Conservancy District, is responsible for water service to its inhabitants. Southeastern administers and allocates water from the Fryingpan-Arkansas Project. Pueblo West has never received water from Southeastern but, nevertheless, is subject to the same ad valorem tax that is imposed on those who do receive project water. Pueblo West seeks an order compelling Southeastern to adopt a method of taxation which it maintains would more closely correlate the tax burdens to the benefits provided under the act.

Pueblo West's appeal rests upon the provisions of § 37–45–121, C.R.S., which states:

"[T]he board [of a water conservancy district] has the power to levy and collect taxes and special assessments for maintaining and operating such works and paying the obligations and indebtedness of the district by any one or more of the methods or combinations thereof, classified as follows:

"(a) Class A. To levy and collect taxes upon all property within the district as provided in section 37–45–122.

(b) Class B. To levy and collect assessments for special benefits accruing to property within municipalities for which use of water is allotted as provided in section 37–45–123.

(c) Class C. To levy and collect assessments for special benefits accruing to property within public corporations for which use of water is allotted as provided in section 37–45–124.

(d) Class D. To levy and collect assessments for special benefits accruing to lands for which use of water is allotted as provided in section 37–45–125."

Pueblo West argues that Southeastern may not limit its means of providing revenue for the district to the levy and collection of taxes upon all property within the district, thereby collecting taxes from those who do not receive project water. Rather, says Pueblo West, Southeastern must employ all the methods authorized by § 37–45–121, C.R.S., so as to assure a reasonable relationship between the benefits and the tax burdens. We disagree.

Pueblo West's contention is based upon a reading of § 37–45–121, C.R.S., in conjunction with § 37–45–122 through § 37–45–125, C.R.S. The latter sections specify the precise methods for levy and collection of each of the four classes of taxes and assessments authorized by § 37–45–121, C.R.S. Pueblo West also cites *People ex rel. Rogers v. Letford*, 102 Colo. 284, 79 P.2d 274 (1938) as support for its interpretation.

■ We agree that statutes must be read as a whole, *Board of County Commissioners v. City & County of Denver*, 194 Colo. 252, 571 P.2d 1094 (1977), and in light of subsequent judicial interpretation. However, we do not find anything in the sections cited or in *Letford, supra,* indicating a legislative intent that all four methods of taxation must be used. On the contrary, we find that the general assembly specifically intended to permit, at the discretion of conservancy districts, the use of the Class A mill levy as the sole method of revenue raising. Such discretion is apparent in the language of § 37–45–121(1), C.R.S., stating that the board may levy taxes "by any one or more of the methods or combinations thereof" specified in the statute. It is for the general assembly to authorize the levy of taxes, and, given the constitutionality of the legislation, the courts are not free to substitute their own judgment for that of the general assembly. *See Ingram v. Cooper,* 698 P.2d 1314 (Colo. 1985); *Healey v. City & County of Denver,* 43 Colo.App. 496, 611 P.2d 587 (1979).

■ Pueblo West further urges that the decision of Southeastern to raise revenue pursuant to the Class A method exclusively is an unconstitutional application of the statute in that it violates the due process clauses of the Colorado and United States Constitutions. We disagree.

In *Letford, supra,* the Supreme Court upheld the constitutionality of this legislation on due process grounds. Although *Letford* presented a facial attack on the constitutionality of the statute as opposed to the "as applied" attack pressed here, we hold that *Letford* is dispositive.

In *Letford,* the court held that Northern Colorado Conservancy District, the counterpart of Southeastern here, is "a quasi-municipal corporation formed for a public purpose and the mill levy tax authorized in [§§ 37–45–121, 37–45–122, and 37–45–126, C.R.S.] ... is an ad valorem tax based upon the same valuations as all general taxes, for a public purpose and not an assessment for benefits as in the case of irrigation and drainage districts...." The court further held that the power of general taxation for public purposes does not infringe upon the due process clauses of the Colorado or United States Constitutions. Accordingly, the use of that power by Southeastern does not constitute an unconstitutional application of the statute as to Pueblo West.

Pueblo West's other assignments of error are without merit.

We have considered Southeastern's request for reasonable attorney fees on ap-

peal pursuant to § 13–17–102(1) and § 13–17–102(2), C.R.S. (1985 Cum.Supp.), and we do not perceive the circumstances as warranting such an award.

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.